| | |
|---|---|
| **From:** | Kent O. Christensen |
| **Sent:** | Monday, August 17, 2015 9:38 AM |
| **To:** | 'Proe, Jimmy' |
| **Subject:** | NE/4 SE/4 of Section 20 |
| **Attachments:** | 201-893 US Borax to Continental American.pdf; 204-280 Continental American to US Potash.pdf; TDY Curative Recs.pdf |

Jimmy,

Thanks for all the info you provided me. That wraps up the agency agreement portion of the curative.

We still have a problem with the gap in mineral title of record. Below is my correspondence with the lawyer that drafted our drilling opinion which explains his concerns outside of the curative requirements in the attached portion of the opinion.

The first attached deed shows US Borax conveying surface interest only as to the NE/4 SE/4 of Section 20 to Continental American. The second attached deed shows Continental American conveying mineral interest as to the NE/4 SE/4 of Section 20 to US Potash. Although it was obviously the intent to give Continental American the mineral interest, it was not correctly reflected in the deed into them. The mineral title after the 204/280 deed is correct to date, and yes we understand that that interest has been leased since 1974. We have concerns that this gap in title has prevented all the lessors throughout history from actually producing the minerals.

As noted in the curative requirements we are asking for your help before we approach the corporate successor to US Borax for some kind of quit claim, as they could potentially claim an interest in the minerals voiding our lease. I have personally researched the tract books in the county abstract and I have indexed for any general quit claims or corporate mergers or any document that might clarify that US Borax meant to convey minerals for the captioned lands.

Any help you could offer would be greatly appreciated.

Respectfully,

Kent



Kent Christensen, RL
BTA Oil Producers, LLC
Landman
Phone (432) 682-3753
kchristensen@btaoil.com

Kent,

> **EXHIBIT**
> **61**

BTA 000059

I agree it's appropriate to ask the TDY representatives what they can come up with on this.

My guess is that this particular 40-acre tract may have fallen through the cracks when there were various reorganizations going on in the late 1960s or so. In this tract the federal government had reserved the potash but not the oil and gas. It may be that those responsible for the deeds that were being executed thought that the potash company that owned the land didn't own any minerals, since it didn't own the potash. That's just speculation on my part, but as I said, I don't see any deed conveying United States Borax & Chemical Corporation's interest in the minerals as I have seen for its minerals in other land in the area and for its surface interest in this tract.

**William B. Burford**
*Partner*

## KELLY ⬤ HART

508 W. WALL, SUITE 444
MIDLAND, TEXAS 79701
TELEPHONE (432) 683-4691
CELL (432) 638-0120
FAX (432) 683-6518
*bill.burford@kellyhart.com*
*www.kellyhart.com*

CONFIDENTIAL NOTICE. This electronic transmission and any documents or other writings sent with it constitute confidential information which is intended only for the named recipient and which may be legally privileged. If you have received this communication in error, do not read it. Please reply to the sender at Kelly Hart & Hallman LLP that you have received the message in error. Then delete it. Any disclosure, copying, distribution or the taking of any action concerning the contents of this communication or any attachment(s) by anyone other than the named recipient is strictly prohibited.

Kent,

You should have the title opinion on NE/4SE/4 Section 20-23S-29E, but you may not have had a chance to look at it. I wanted to alert you to the fact that there is a problem with the title that potentially could be pretty serious. I don't find anything showing that the potash company that owned the land back in the 1960s ever conveyed the minerals it owned in this tract as it did other land in the area—in other words there is a gap in the chain of title that may or may not be resolved by something that doesn't show up of record (some unrecorded corporate merger, for example). This is all addressed in much more detail in the opinion, of course, but I wanted to be sure you're aware that this problem exists and that it might not be a matter of routine curative.

Also, the opinion doesn't cover surface title. Currier Abstract certified to minerals only, although we didn't expressly ask them to do that. If surface title is especially important, we can discuss getting it covered.

Feel free to call with any questions.

**William B. Burford**
*Partner*

## KELLY ⬤ HART

508 W. WALL, SUITE 444
MIDLAND, TEXAS 79701
TELEPHONE (432) 683-4691
CELL (432) 638-0120
FAX (432) 683-6518
*bill.burford@kellyhart.com*
*www.kellyhart.com*

**BTA 000060**

CONFIDENTIAL NOTICE: This electronic transmission and any documents or other writings sent with it constitute confidential information which is intended only for the named recipient and which may be legally privileged.  If you have received this communication in error, do not read it.  Please reply to the sender at Kelly Hart & Hallman LLP that you have received the message in error.  Then delete it.  Any disclosure, copying, distribution or the taking of any action concerning the contents of this communication or any attachment(s) by anyone other than the named recipient is strictly prohibited

**BTA 000061**

· 893

WARRANTY DEED

UNITED STATES BORAX AND CHEMICAL CORPORATION, a Nevada corporation,
for consideration paid, grants to CONTINENTAL AMERICAN ROYALTY COMPANY,
a South Dakota corporation, the following described real estate in
Eddy County, New Mexico:

THE SURFACE ESTATE only to all of the following described land:

Section 3 - SW¼SW¼

Section 4 - S½S½

Section 5 - SE¼SE¼

Section 7 - S½NE¼, Lot 4 (SW¼SW¼), SE¼SW¼, Lot 2 (SW¼NW¼), SE¼NW¼,
             S½NE¼, NE¼SE¼, Lot 3 (NW¼SW¼), NE¼SW¼, NW¼SE¼

Section 8 - E½, SW¼, S½NW¼, NE¼NW¼

Section 9 - All

Section 10 - W½, SW¼NE¼, NW¼SE¼

Section 15 - NW¼NW¼, NE¼NW¼, S½NW¼

Section 16 - All

Section 17 - N½, SE¼, N½SW¼

Section 18 - E½NE¼, NW¼SE¼, NE¼NW¼, NW¼NE¼

Section 20 - N½NE¼, NE¼SE¼

Section 21 - N½, SW¼, N½SE¼, S½SE¼

Section 22 - W½

Section 28 - NW¼NE¼

All in Township 23 South, Range 29 East, N.M.P.M.

Section 11 - SW¼NE¼, NW¼SE¼, S½SE¼, NE¼SE¼, SE¼NE¼

Section 12 - W½SW¼, S½N½, N½SW¼, N½S½

Section 13 - NW¼, NW¼SW¼, SE¼SW¼

Section 14 - N½NE¼

All in Township 23 South, Range 26 East, N.M.P.M.

Section 2 - All - Except Lot 5 which was quit claimed to
            Wayne Cowden 6-28-67.

All in Township 21 South, Range 29 East, N.M.P.M.

SUBJECT TO Reservations, Restrictions, Easements and/or Rights of Way
of record, and taxes for the year 1968 and thereafter,
with warranty covenants.

WITNESS the hand and seal this 15th day of _____ 1968.

                              UNITED STATES BORAX AND CHEMICAL CORPORATION

                              by _____
                                      President

_____
      Secretary

BTA 000062

894

STATE OF CALIFORNIA )
                        ss
County of Los Angeles)

The foregoing instrument was acknowledged before me this 15d day of July , 1968 by Roy J Coleman , Vice President of UNITED STATES BORAX AND CHEMICAL CORPORATION, a Nevada corporation, on behalf of said corporation.

My commission expires:

Josephine Johnson
My Commission Expires May 13, 1972

STATE OF NEW MEXICO, County of Eddy, ss I hereby certify that this instrument was filed for record in the ___ day of ___, 19__ at 10 __ o'clock A M, and duly recorded in Book ___, page 893 of the records of ___
Mildred Pate, County Clerk

By _____ Deputy

BTA 000063

WARRANTY DEED

For consideration paid, CONTINENTAL AMERICAN ROYALTY

COMPANY, a South Dakota corporation, hereby grants to U. S.

POTASH & CHEMICAL COMPANY, a Delaware corporation, the follow-

ing described real property in Eddy County, New Mexico:

I. The full interest -

    a. In Township 23 South, Range 28 East, NMPM, to -

        (1) The S 1/2 SW 1/4 of Section 11.

        (2) The N 1/2 NW 1/4 of Section 14.

        (3) An undivided one-quarter (1/4) interest
        in the dam across the Pecos River and
        the diversion works associated therewith,
        all situate in S 1/2 of Section 11,
        together with all rights, privileges and
        appurtenances heretofore belonging to
        United States Borax & Chemical Corporation
        by reason of a conveyance of record at
        pages 328-330 in Book 67 of the Eddy
        County Deed Records and a contract, dated
        January 11, 1937, of record at page 421
        in Book 15 of the Eddy County Miscellaneous
        Records.

      ALL SUBJECT, HOWEVER, to reservations, re-
      strictions, easements and rights of way of
      record and to the contracts of record at page
      180 of Book 13 and at page 416 of Book 15 of
      the Eddy County Miscellaneous Records.

    b. In Township 23 South, Range 29 East, NMPM, to -

        (1) The SW 1/4 SW 1/4 of Section 3.

        The S 1/2 S 1/2 of Section 4.

        The SE 1/4 SE 1/4 of Section 5.

        The S 1/2 SE 1/4 of Section 7.

        The E 1/2 and SW 1/4 of Section 8.

        Section 9.

        The W 1/2 of Section 10.

        The NW 1/4 NW 1/4 of Section 15.

BTA 000064

The N 1/2, SE 1/4 and N 1/2 S 1/4 of
Section 17.

The E 1/2 NE 1/4 and NE 1/4 SE 1/4 of
Section 18.

The N 1/2 NE 1/4 and NE 1/4 SE 1/4 of
Section 20.

The N 1/2, SW 1/4 and N 1/2 SE 1/4 of
Section 21.

EXCEPTING THEREFROM, HOWEVER, all potash
and sodium in and under all of said lands,
the same having been reserved by the United
States of America at the time patent was
issued.

(2) The S 1/2 SW 1/4 of Section 17.

The SE 1/4 SE 1/4 of Section 18.

ALL SUBJECT HOWEVER, to all reservations,
restrictions, easements and rights of way of
record and to contracts of record at page 180
of book 13 and at page 416 of Book 15 of the
Eddy County Miscellaneous Records.

II.  The Surface interest -

a.  To Section 2, Township 21 South, Range 29
East, NMPM, EXCEPTING Lot 8 which was quit-
claimed to Wayne Cowden on August 28, 1957.

b.  In Township 23 South, Range 28 East, NMPM, to -

(1)  The SW 1/4 NE 1/4, NW 1/4 SE 1/4, S 1/2
SE 1/4, NE 1/4 SE 1/4 and SE 1/4 NE 1/4
of Section 11.

(2)  The S 1/2 S 1/2, S 1/2 N 1/2, N 1/2
SW 1/4 and N 1/2 SE 1/4 of Section 12.

(3)  The NW 1/4, NW 1/4 SW 1/4, SE 1/4 SW 1/4,
E 1/2 and NE 1/4 SW 1/4 of Section 13.

(4)  The N 1/2 NE 1/4 of Section 14.

(5)  The E 1/2 NE 1/4 of Section 24.

ALL SUBJECT, HOWEVER, to all reservations,
restrictions, easements and rights of way
of record.

-2-

BTA 000065

c. In Township 23 South, Range 31 East, NMPM, the:

    (1) Lot 4 (SW 1/4 SW 1/4), SE 1/4 SW 1/4,
        Lot 2 (SW 1/4 NW 1/4), SE 1/4 NW 1/4,
        S 1/2 NE 1/4, NE 1/4 SE 1/4, Lot 3
        (NW 1/4 SW 1/4), NE 1/4 SW 1/4 and NW 1/4
        SE 1/4 of Section 7.

    (2) The S 1/2 NW 1/4 and NE 1/4 NW 1/4 of
        Section 8.

    (3) The SW 1/4 NE 1/4 and NW 1/4 SE 1/4 of
        Section 10.

    (4) The NE 1/4 NW 1/4 and S 1/2 NW 1/4 of
        Section 15.

    (5) Section 16.

    (6) NE 1/4 NW 1/4, NW 1/4 NE 1/4, W 1/2 NW 1/4,
        SE 1/4 NW 1/4, SW 1/4 NE 1/4, SW 1/4 and
        W 1/2 SE 1/4 of Section 18.

    (7) Section 19.

    (8) The NW 1/4, S 1/2 NE 1/4, N 1/2 SW 1/4
        and NW 1/4 SE 1/4 of Section 20.

    (9) The S 1/2 SE 1/4 of Section 21.

   (10) The W 1/2 of Section 22.

   (11) The NW 1/4 NE 1/4 of Section 28.

   (12) The E 1/2 and NE 1/4 NW 1/4 of Section 30.

ALL SUBJECT, HOWEVER, to reservations,
restrictions, easements and rights of way
of record.

III. The indicated mineral interests -

a. In the NW 1/4 SE 1/4 of Section 13, Township
20 South, Range 31 East, NMPM, all potassium,
sodium, phosphorus and other minerals of
similar type or occurrence, including their
salts and compounds, in, under and that may
be produced therefrom, together with all of
the right, title and interest heretofore owned
by United States Borax & Chemical Corporation
in and under said tract of land by virtue of
a deed, dated October 28, 1930, filed of record
at page 365 of Book 61 of the Eddy County Deed
Records; SUBJECT, HOWEVER, to reservations,
restrictions, easements, rights of way and
leases of record.

BTA 000066

b. In Township 21 South, Range 29 East, NMPM, all oil, gas, potash and other minerals in, under and that may be produced from the following lands, together with the right of ingress and egress for the purpose of prospecting for, and removing the same therefrom:

(1) The SW 1/4 NW 1/4 and NW 1/4 SW 1/4 of Section 13.

(2) The SE 1/4 NE 1/4 and NE 1/4 SE 1/4 of Section 14.

SUBJECT, HOWEVER, to reservations and agreements relating to royalties and production payments of record, specifically including, but not limited to, that contract of record at page 349 in Book 15 of the Eddy County Miscellaneous Records.

c. In the NE 1/4, W 1/2 NW 1/4 NW 1/4 SE 1/4, NE 1/4 SW 1/4, S 1/2 NW 1/4 SE 1/4, NE 1/4 SE 1/4, NE 1/4 NW 1/4 SE 1/4 and E 1/2 NW 1/4 NW 1/4 SE 1/4 of Section 13, Township 23 South, Range 28 East, NMPM, all oil, gas, potash and other minerals in, under and that may be produced from the said lands, together with the right of ingress and egress for the purpose of prospecting for, mining and removing the same therefrom.

SUBJECT, HOWEVER, to reservations and agreements relating to royalties and production payments of record, specifically including, but not limited to, that contract of record at page 349 in Book 15 of the Eddy County Miscellaneous Records.

d. In Township 23 South, Range 29 East, NMPM, all oil, gas, potash and other minerals in, under and that may be produced from the following lands together with the right of ingress and egress for the purpose of prospecting for, mining and removing the same therefrom:

(1) The NW 1/4 NW 1/4, S 1/2 NW 1/4, SW 1/4 NE 1/4, E 1/2 SW 1/4, W 1/2 SE 1/4 and W 1/2 SW 1/4 of Section 18.

(2) W 1/2 SW 1/4 SE 1/4 NE 1/4, NE 1/4 NW 1/4, W 1/2 NE 1/4, NE 1/4 NE 1/4, NW 1/4 SE 1/4 NE 1/4, Lots 1 and 2, SE 1/4 NW 1/4, E 1/2 SE 1/4 NE 1/4 and E 1/2 SW 1/4 SE 1/4 NE 1/4 of Section 19.

-4-

BTA 000067

(3)   N 1/2 NW 1/4 of Section 20.

SUBJECT, HOWEVER, reservations and agreements relating to royalties and production payments of record, specifically including, but not limited to, that contract of record at page 349 in Book 15 of the Eddy County Miscellaneous Records.

With warranty covenants.

WITNESS its hand and seal this 10th day of June, 1969.

CONTINENTAL AMERICAN ROYALTY COMPANY

By _N. William Muller_
      N. William Muller, President

ATTEST:

_____
      Secretary

STATE OF ILLINOIS )
                                ) SS.
COUNTY OF C O O K )

The foregoing instrument was acknowledged before me this 10th day of June, 1969, by N. WILLIAM MULLER, as President and on behalf of CONTINENTAL AMERICAN ROYALTY COMPANY.

_Nancy Rosso_
      Notary Public

My commission expires:

2/23/71



STATE OF NEW MEXICO } SS.
County of Eddy

FILED   JUL 15 1969

at 1:5 o'clock P M, and was duly recorded in Book 204 of Records of Deed, Page 110
      Mildred _____, County Clerk
_____ Deputy

-5-

BTA 000068

## III.   OIL AND GAS LEASE:

The entire oil and gas mineral estate of the captioned lands (subject to our remarks and requirement under Exception to Title No. 1 below) is covered by an oil and gas lease from TDY Industries, LLC to BTA Oil Producers, LLC, dated October 28, 2014, covering the exact captioned lands. A memorandum giving notice of the lease, stating the parties, the land covered, and the primary term, is recorded in Book 999, Page 408 of the Eddy County Records. A copy of the lease has been submitted for our examination.

The lease provides for a primary term of three years and royalty of 25% on oil and on the gross proceeds of gas, free of marketing and other post-production costs. The lease is on a computer-generated form that is evidently mainly that of the lessor. It is a paid-up, commence form and includes additional drilling or reworking, force majeure (provided that notice must be given to the lessor), and lesser interest provisions. The lessor does not warrant title. No assignment may be made without the lessor's approval, which is not to be unreasonably withheld. Shut-in royalty may be paid in the amount of $25.00 per acre for the first year and $50.00 per acre for the next year, commencing within 90 days after the well is shut in, and the right to extend the lease by payment of shut-in royalty is limited to two cumulative years. Pooling is permitted into units not to exceed the area of production units (as discussed below), by filing a unit designation with a surveyor's plat for record, with a copy to the lessor; any pooled unit must include all of the leasehold estate unless the lessor consents otherwise.

Among other things, the lease provides that royalty must be paid within 120 days of first production, and thereafter by the end of the second month after the month of production, and that if royalty is not timely paid, the lease will terminate. The lease includes an express offset well obligation applicable whenever a well is completed within 1,000 feet of the lease, under which the lessee must drill within 180 days, or the lessee may pay compensatory royalty for a maximum of two years. There are express indemnity obligations and informational requirements, including a requirement that the lessor be provided copies of any title opinions. The lease includes a favored nations provision under which the lessee may be required to pay additional bonus or a higher royalty rate if it agrees to more favorable terms on any lease covering more than 40 acres within five miles of the leased premises.

The lease includes a provision that at the end of the primary term, or after cessation of continuous drilling operations, with no more than 180 days between wells, the lease will terminate except as to each production unit (consisting of 320 acres for vertical gas wells, 640 acres for horizontal gas wells, 40 acres for vertical oil wells, 160 acres for horizontal oil wells if drilled less than 5,000 feet in the producing formation, or 320 acres for horizontal oil wells drilled more than 5,000 feet in the producing formation, plus a tolerance of 10% in each case) down to 100 feet below the base of the deepest producing formation. After ten years from the date of the lease, the lessee may request the release of acreage and no longer necessary for regulatory requirements and depths no longer producing.

Under Paragraph 20 of the lease, the lessor agrees to join in a communitization agreement covering all of the captioned Section 20, as to the Bone Spring Sand.

COMMENT: The oil and gas lease is on an extremely lessor-oriented form. This analysis does not purport to describe each and every lease provision in detail. You should thoroughly familiarize yourself with the lease and make certain that you can and will comply with all of its provisions.

## IV.   EXCEPTIONS TO TITLE AND REMARKS:

1. Possible Gap in Title: Title to the mineral estate of the captioned lands, except potash and sodium, was held by United States Borax & Chemical Corporation, the corporate successor to United States Potash Company. Although Continental American Royalty Company purported to convey the captioned land to U.S. Potash & Chemical Company by Warranty Deed dated June 10, 1969, recorded in Book 204, Page 280 of the Eddy County Deed Records, and there is a

1941682_1

BTA 000069

regular chain of title (except as otherwise noted herein) from that 1969 deed to the current ownership in TDY Industries, LLC, we do not find any evidence in the abstract examined of the passage of title from United States Borax & Chemical Corporation to Continental American Royalty Company. We are aware that in 1968 United States Borax & Chemical Corporation conveyed the surface estate of the captioned land and its mineral interests in other land in the vicinity to Continental American Royalty Company. The deeds of which we are aware do not appear to have included any interest in the minerals of the captioned lands, however.

REQUIREMENT A: We should be submitted a deed or other evidence, which should be recorded in Eddy County, of the passage of title to the oil and gas mineral estate of the captioned lands from United States Borax & Chemical Corporation to Continental American Royalty Company. In the alternative, if there is no such deed, we should be submitted (1) documentation of the corporate succession of United States Borax & Chemical Corporation (which we believe is now U.S. Borax Inc.), and (2) a quitclaim deed from the corporate successor to United States Borax & Chemical Corporation to Teledyne Industries, LLC, quitclaiming any interest in the oil, gas and other hydrocarbons underlying the captioned lands, which should be recorded in Eddy County.

2. Other Unrecorded Corporate Documentation: Other than as discussed under Exception to Title No. 1, the chain of title to the oil and gas underlying the captioned lands involves several corporate reorganizations, and not all of these are adequately reflected of record in Eddy County as far as we know. These are as follows:

(a) United States Potash Company acquired the captioned lands in 1933. We have examined elsewhere documentation that in 1956 United States Potash Company merged with Pacific Coast Borax Company to form a corporation under the name of United States Borax & Chemical Corporation. The merger of United States Potash Company into United States Borax & Chemical Corporation does not appear to be reflected of record in Eddy County.

(b) Teledyne Industries, Inc., a California corporation, then the owner of the oil and gas mineral estate of the captioned lands (assuming that title had passed to Continental American Royalty Company as discussed under Exception to Title No. 1 above), apparently changed its name to TDY Industries, Inc. as of December 9, 1999. This change in corporate name is reflected in an affidavit by an officer of Bank of America, N.A., the agent apparently engaged by TDY Industries, Inc. for oil and gas management, filed for record in 2002 and recorded in Book 451, Page 547 of the Eddy County Records, and also by an affidavit of the same officer dated March 4, 2014, recorded in Book 974, Page 120. Notices such as this are customarily provided by certificates of the appropriate corporate officers or state agencies, and we are uncertain whether these affidavits are reliable. A certificate of the California Secretary of State is attached to the latter 2014 affidavit reflecting that TDY Industries, Inc., a California corporation, converted to TDY Industries, LLC, a California limited liability company, as of January 2, 2012.

REQUIREMENT B: Appropriate evidence of the merger of United States Potash Company into United States Borax & Chemical Corporation in 1956 and of the change in the corporate name of Teledyne Industries, Inc. to TDY Industries, Inc. in 1999 should be recorded in Eddy County.

3. Agency Agreement: The above described oil and gas lease was executed on behalf of TDY Industries, LLC, the lessor, by Bank of America, N.A., as its agent. We have not examined the agency agreement under which Bank of America acted in executing the lease and cannot verify its authority.

REQUIREMENT C: We should be submitted a copy of the agency agreement between TDY Industries, LLC (or its predecessor corporation, Teledyne Industries, Inc., which became TDY Industries, Inc.) and Bank of America, N.A., under which Bank of America executed the

1941682 1

BTA 000070

| | |
|---|---|
| **From:** | Willis Price |
| **Sent:** | Monday, November 16, 2015 1:46 PM |
| **To:** | Proe, Jimmy |
| **Cc:** | Kent O. Christensen |
| **Subject:** | All of Section 17 and N/2N/2 Section 20-T23S-R29E-NMPM-Eddy County, New Mexico |
| **Attachments:** | DOC111315-11132015144100.pdf; T23-R29 TO.TIF; T23-R29 TO2.tif; T23-R29 TO3.tif; T23-R29 TO4.tif |

Jimmy:

BTA Oil Producers, LLC ("BTA") obtained a Title Opinion covering the above lands from Kelly Hart dated November 13, 2015. I have attached a copy for your file. Please refer to IV. Exceptions Title and Remarks on Page 12, Paragraph 1. This requirement requests a deed of passage of title on N/2, SE/4 and N/2SW/4 of Section 17 and the N/2NE/4 of Section 20 from United States Borax & Chemical Corporation to Continental American Royalty Company. Any document that you have in your file that addresses this question would be much appreciated.

Also, Chevron sent me a copy of a Title Opinion dated January 30, 1974 (copy attached), with Supplements (copies attached), covering the above described lands (plus numerous other lands) rendered by Amoco Production Company. As you can see, the Amoco Production Company opinion has the minerals owned by Teledyne, Inc. subject to the Requirement #3 on Page 6 which says that "Teledyne, Inc. is apparently the successor of U.S. Potash since a W. N. Stanley, as Vice-President, has executed two Rights of Way in such capacity for each company. Furnish muniments of title into Teledyne either by deed or change of name." Chevron is looking in their files for the Base Abstract No. 74019, by Guaranty Title Company, Carlsbad, New Mexico (688 pages) so that we can see if there is something in the abstract used that clears this up. If you happen to have this abstract, we would appreciate the opportunity to come review it.

I will keep you posted on developments on clearing this up and would appreciate any help you can give us in this regard. Thanks.



**Willis Price**
**Land Manager**
**BTA Oil Producers, LLC**
**104 South Pecos**
**Midland, Texas 79701**
Phone        (432) 682-3753
Fax            (432) 683-0311
Cell            (432) 638-6810
E-mail        wprice@btaoil.com

**EXHIBIT**
**62**

BTA 000151



# KELLY ⊕ HART

WILLIAM B. BURFORD
Bill.Burford@kellyhart.com

TELEPHONE: 432-683-4691
FAX: 432-683-6518

November 13, 2015

IN RE:  OPINION OF TITLE TO:                )
                                            )
Tract 1:  All of Section 17, N½N½ Section   )
20, containing 800 acres, more or less; and )
                                            )
Tract 2:  S½N½, N½SW¼, NW¼SE¼               )
Section 20, containing 280 acres, more or   )
less;                                       )
                                            )    No. 15-017
All of said lands being located in          )
Township 23 South, Range 29 East,           )
N.M.P.M., Eddy County, New Mexico.          )
                                            )
20702 Harroun                               )
_____)

BTA Oil Producers, LLC
104 South Pecos Street
Midland, Texas 79701

Attention:    Mr. Kent O. Christensen
              Landman

Gentlemen:

In connection with title to the captioned lands, we have examined Currier Abstract Company Abstract No. 15,159, which purports to trace title to the mineral estate (exclusive of potash rights) of the captioned lands, insofar as the same is reflected in the public records of Eddy County, New Mexico, from the inception of records to October 16, 2015 at 8:00 A.M.

From our examination of said abstract, and based solely thereon, we report the status of title to the mineral estate of the captioned lands, for acquisition and drilling purposes, as of October 16, 2015 at 8:00 A.M., as follows:

## I.  TITLE TO OIL, GAS AND OTHER MINERALS (INCLUDING LEASING RIGHTS, RIGHTS TO BONUSES, RENTALS, AND ROYALTIES, BUT SUBJECT TO THE OUTSTANDING OIL AND GAS LEASES ANALYZED HEREIN):

A.    Title to Oil, Gas and Other Hydrocarbons* in All of Section 17, N½N½ Section 20 (Tract 1), and Title to 3/16 Royalty Under Lease 1:

TDY Industries, LLC                All**

\*         Title to other minerals in Tract 1 is not reported.  See Exception to Title No. 12.

\*\*        With respect to N½, SE¼, N½SW¼ Section 17 and N½NE¼ Section 20, the title of TDY Industries, LLC depends upon Continental American Royalty Company's having acquired the mineral interest of United States Borax & Chemical Corporation, apparently in or before 1969, which we cannot verify.  See Exception to Title No. 1 below.

MIDLAND OFFICE | 508 W. WALL, SUITE 444 | MIDLAND, TX 79701 | TELEPHONE: (432) 683-4691 | FAX: (432) 683-6518
FORT WORTH OFFICE | 201 MAIN STREET, SUITE 2500 | FORT WORTH, TX 76102 | TELEPHONE: (817) 332-2500 | FAX: (817) 878-9280
AUSTIN OFFICE | 303 COLORADO STREET, SUITE 2000 | AUSTIN, TX 78701 | TELEPHONE: (512) 495-6400 | FAX: (312) 495-6401
NEW ORLEANS OFFICE | 400 POYDRAS STREET, SUITE 1812 | NEW ORLEANS, LA 70130 | TELEPHONE: (504) 522-1812 | FAX: (504) 522-1813
Kelly Hart & Hallman, a Limited Liability Partnership | www.kellyhart.com

BTA 000152

| From: | Proe, Jimmy <jimmy.proe@ustrust.com> |
|---|---|
| Sent: | Monday, September 28, 2015 8:28 AM |
| To: | Kent O. Christensen |
| Subject: | RE: New Offer to Lease TDY, 800 Acres in Eddy County, NM |

Kent,

I received your e-mails dated September 21 and 24, 2015 regarding the mineral interests in the N/2 N/2 of Section 20-T23S-R29E and all of Section 17-T23S-R29E, Eddy County, NM owned by TDY Industries, LLC, c/o Bank of America, N.A., Agent. I would be willing to recommend the following terms to our Trust Committee:

| Lease Bonus: | $2,000 per net mineral acre for Section 20, $1,300 per net mineral acre for Section 17 |
|---|---|
| Term: | 3 years, paid up |
| Royalty: | 1/4 |
| Shut-in: | $25 per net mineral acre |
| Form: | Bank of America, N.A. standard form (same as 2014 OGL with BTA) |

If you can increase your offer as suggested above, please submit a new written proposal for consideration by our Trust Committee. Please note this is only a proposal and does not represent a commitment from Bank of America, N.A. It is subject to approval by our Trust Committee and Co-Trustee / Principal (if applicable). The lease is not considered finalized until (1) the Lessee executes and has notarized an acceptable Bank Lease Form, (2) returns it along with a check for the agreed upon lease bonus to us within ten business days of notification, and (3) the Bank executes the Lease. We reserve the right to negotiate with other parties until the Bank executes the Lease.

Sincerely,


Jimmy L. Proe
Senior Vice President
U.S. Trust, Bank of America Private Wealth Management
901 Main Street, 17th Floor, TX1-492-17-01
Dallas, TX 75202-3714
Phone: 214-209-2303
Fax: 214-530-2844


Please note my new e-mail address: jimmy.proe@ustrust.com

This communication is confidential and intended only for the addressee. If you are not the intended recipient, you may not copy, disclose, or distribute this message to anyone else; any such actions may be unlawful. If you have received this communication in error, please contact the sender of the message to inform him or her of the error. Regular Internet e-mail is not secure. We ask that you do not send personal or company information of a sensitive or confidential nature through unsecured e-mail. For questions concerning your account relationship with Bank of America, you may contact us by phone or US mail.


**From:** Kent O. Christensen [mailto:KChristensen@btaoil.com]
**Sent:** Monday, September 21, 2015 10:05 AM
**To:** Proe, Jimmy
**Subject:** New Offer to Lease TDY, 800 Acres in Eddy County, NM

EXHIBIT
**63**

1

BTA 000036

Good morning Jimmy,

BTA Oil Producers, LLC is prepared to offer TDY Industries, LLC, a signing bonus of $880,000.00 for a 3 year term, 25% royalty, oil and gas lease. TDY is the mineral owner of 800 acres, being all of Section 17 and the N/2 N/2 of Section 20, T-23-S, R-29-E, Eddy County, New Mexico.

We have been informed by Chevron that their lease, dated 3/14/74, V/P 114/903 miscellaneous records of Eddy County, from Teledyne Potash to Amoco Production, has recently expired due to lack of production. We have had conversations with Chevron and have informed them that we will pursue a new lease and will negotiate Chevron's participation after acquisition of said lease.

Our bonus offer of $880,000.00 is based on $1,500.00/acre for 160 acres in the N/2 N/2 of Section 20 and $1,000.00/acre for all 640 acres of Section 17. The bonus offer for the 160 acres is the same amount you requested back on 9/5/14 for the lease we signed last year when WTI was at $94.5/bbl. The bonus offer for all 640 acres is less because there are some serious surface access issues on that section. As you can see in the Google earth image below, the majority of Section 17 is covered by a tailings and settling pond from The Mosaic Company's potash mine. Drilling will be more expensive than usual as we will be limited to a small raised pad site located on the NW/4 NW/4 of the section to the south. Running those laterals a mile to the east and then a mile north in order to develop the eastern portion of the section will be a costly endeavor.



2

BTA 000037

| | |
|---|---|
| **From:** | Kent O. Christensen [KChristensen@btaoil.com] |
| **Sent:** | 11/17/2015 12:53:03 PM |
| **To:** | William B. Burford |
| **Subject:** | RE: Sections 17 and 20-23S-29E |
| **Attachments:** | image001.gif;image002.gif;image003.jpg; |

Bill,

Can you estimate the final cost of the title opinion you just performed please? For some reason our exploration manager has requested it.



Kent Christensen, RL
BTA Oil Producers, LLC
Landman
Phone (432) 682-3753
kchristensen@btaoil.com

**From:** William B. Burford [mailto:Bill.Burford@kellyhart.com]
**Sent:** Friday, November 13, 2015 11:52 AM
**To:** Kent O. Christensen
**Subject:** RE: Sections 17 and 20-23S-29E

Kent,

I don't think the letter does much. We knew the companies were all related at one time, but the deeds between 1968 and 1974 evidently were for the purpose of segregating potash from oil and gas, and eventually, as best I can tell, they became completely separated and unrelated.

It does occur to me that the Amoco lawyer may well have had some document in the abstract he examined that bridged the apparent gap. Do you think Chevron has the abstract? If it has an index, it could be that a review of that would assist. (The last time I recall trying to persuade a major oil company to look for an old abstract, they said they had it but that it was stored in an abandoned salt mine in Kansas and they didn't want to make the effort to track it down. I'm serious.)

I did briefly review a copy of the county clerk's grantor index for anything out of United States Borax & Chemical Corp. into Continental American Royalty at or about the same time as the other deeds to Continental American and wasn't able to find anything. That doesn't mean there isn't something somewhere, of course.

I have a draft of the opinion nearly in final form.

**EXHIBIT**

**64**

1

**BTA 013027**

**William B. Burford**
*Partner*

## KELLY ⊛ HART

508 W. WALL, SUITE 444
MIDLAND, TEXAS 79701
TELEPHONE (432) 683-4691
CELL (432) 638-0120
FAX (432) 683-6518
*bill.burford@kellyhart.com*
*www.kellyhart.com*

CONFIDENTIAL NOTICE: This electronic transmission and any documents or other writings sent with it constitute confidential information which is intended only for the named recipient and which may be legally privileged. If you have received this communication in error, do not read it. Please reply to the sender at Kelly Hart & Hallman LLP that you have received the message in error. Then delete it. Any disclosure, copying, distribution or the taking of any action concerning the contents of this communication or any attachment(s) by anyone other than the named recipient is strictly prohibited.

**From:** Kent O. Christensen [mailto:KChristensen@btaoil.com]
**Sent:** Friday, November 13, 2015 11:14 AM
**To:** William B. Burford
**Subject:** RE: Sections 17 and 20-23S-29E

Bill,

Does the attached letter help at all? The content of the letter is unrelated to our issue but the letterhead states that US Potash & Chemical Co. is a subsidiary of Continental American Royalty Company.

I think the lawyer for Amoco was looking at a document found within the abstract that covered those original 16 sections. I think that document cleared up our gap in title and it just isn't showing up in our limited abstracts that are only mineral ownership. I wonder if Amoco's abstract, which appears to include lots of surface related documents, has our missing document. We have asked Chevron if we can view the abstract.



Kent Christensen, RL
BTA Oil Producers, LLC
Landman
Phone (432) 682-3753
kchristensen@btaoil.com

**From:** William B. Burford [mailto:Bill.Burford@kellyhart.com]
**Sent:** Thursday, November 12, 2015 3:40 PM
**To:** Kent O. Christensen
**Subject:** Sections 17 and 20-23S-29E

Kent,

2

**BTA 013028**

I don't see anything in this opinion that helps with the perceived gap in title. <mark>It looks to me as though this attorney either missed it or saw some deed that we haven't seen.</mark> Unless we could see the abstract he examined, it's impossible to know. I'm going to try to have a look at the grantor-grantee indexes, which I think are available at Caprock Title, and try again to find some additional deed.

Otherwise, the opinion is being typed. It will be in draft before the day is over, but I probably won't have it to you until tomorrow morning.

**William B. Burford**
*Partner*

**KELLY ⬤ HART**

508 W. WALL, SUITE 444
MIDLAND, TEXAS 79701
TELEPHONE (432) 683-4691
CELL (432) 638-0120
FAX (432) 683-6518
*bill.burford@kellyhart.com*
*www.kellyhart.com*

CONFIDENTIAL NOTICE: This electronic transmission and any documents or other writings sent with it constitute confidential information which is intended only for the named recipient and which may be legally privileged. If you have received this communication in error, do not read it. Please reply to the sender at Kelly Hart & Hallman LLP that you have received the message in error. Then delete it. Any disclosure, copying, distribution or the taking of any action concerning the contents of this communication or any attachment(s) by anyone other than the named recipient is strictly prohibited.

**From:** Kent O. Christensen [mailto:KChristensen@btaoil.com]
**Sent:** Thursday, November 12, 2015 1:30 PM
**To:** William B. Burford
**Subject:** FW: Title Opinion covering NE/4SE/4 Section 13-T26S-R32E-NMPM-Lea County, New Mexico

Bill,

We <mark>finally got previous title opinions from Chevron (see attached)</mark>. Hopefully this will help.



Kent Christensen, RL
BTA Oil Producers, LLC
Landman
Phone (432) 682-3753
kchristensen@btaoil.com

**From:** Willis Price
**Sent:** Thursday, November 12, 2015 1:19 PM
**To:** Kent O. Christensen
**Subject:** FW: Title Opinion covering NE/4SE/4 Section 13-T26S-R32E-NMPM-Lea County, New Mexico

3

**BTA 013029**

# FW: NE/4 SE/4 of Section 20, Eddy County NM

| | |
|---|---|
| From: | "Proe, Jimmy" <jimmy.proe@ustrust.com> |
| To: | "Manley, Rose Marie" <rosemarie.manley@atimetals.com> |
| Cc: | "McAndrews, Lauren" <lauren.mcandrews@atimetals.com> |
| Date: | Tue, 18 Aug 2015 10:05:56 -0500 |
| Attachments: | 201-893 US Borax to Continental American.pdf (78.19 kB); 204-280 Continental American to US Potash.pdf (845.12 kB); TDY Curative Recs.pdf (206.01 kB) |

Rose Marie / Lauren,

Hope all is well and that you are enjoying the summer.  We have had three weeks of 100+ temperatures, but a cold front is coming in tomorrow to lower the high to only 84 degrees.

We leased this 40 acre tract  to BTA Oil Producers, LLC by OGL dated October 28, 2014.  Their title attorney has determined that a gap exists in the mineral title of record in Eddy County.  The gap relates to a July 18, 1968 deed from United States Borax and Chemical Corporation and Continental America Royalty Company conveying surface, but not mineral interest.  BTA is wanting a Quit Claim Deed from the corporate successor to U.S. Borax.

I believe one of your companies may be the successor to U.S. Borax.  Can you take a look at this and let me know what you think?  Thanks for your assistance.

Jimmy L. Proe
Senior Vice President
U.S. Trust, Bank of America Private Wealth Management
901 Main Street, 17th Floor, TX1-492-17-01
Dallas, TX 75202-3714
Phone: 214-209-2303
Fax: 214-530-2844
Please note my new e-mail address: jimmy.proe@ustrust.com
This communication is confidential and intended only for the addressee. If you are not the intended recipient, you may not copy, disclose, or distribute this message to anyone else; any such actions may be unlawful. If you have received this communication in error, please contact the sender of the message to inform him or her of the error. Regular Internet e-mail is not secure. We ask that you do not send personal or company information of a sensitive or confidential nature through unsecured e-mail. For questions concerning your account relationship with Bank of America, you may contact us by phone or US mail.

**From:** Kent O. Christensen [mailto:KChristensen@btaoil.com]
Sent: Monday, August 17, 2015 9:38 AM
To: Proe, Jimmy
Subject: NE/4 SE/4 of Section 20

Jimmy,

Thanks for all the info you provided me. That wraps up the agency agreement portion of the curative.

We still have a problem with the gap in mineral title of record. Below is my correspondence with the lawyer that drafted our drilling opinion which explains his concerns outside of the curative requirements in the attached portion of the opinion.

The first attached deed shows US Borax conveying surface interest only as to the NE/4 SE/4 of Section 20 to

EXHIBIT

**65**

TDY_0004147

Continental American. The second attached deed shows Continental American conveying mineral interest as to the NE/4 SE/4 of Section 20 to US Potash. Although it was obviously the intent to give Continental American the mineral interest, it was not correctly reflected in the deed into them. The mineral title after the 204/280 deed is correct to date, and yes we understand that that interest has been leased since 1974. We have concerns that this gap in title has prevented all the lessors throughout history from actually producing the minerals.

As noted in the curative requirements we are asking for your help before we approach the corporate successor to US Borax for some kind of quit claim, as they could potentially claim an interest in the minerals voiding our lease. I have personally researched the tract books in the county abstract and I have indexed for any general quit claims or corporate mergers or any document that might clarify that US Borax meant to convey minerals for the captioned lands.

Any help you could offer would be greatly appreciated.

Respectfully,

Kent



Kent Christensen, RL
BTA Oil Producers, LLC
Landman
Phone (432) 682-3753
kchristensen@btaoil.com

Kent,

I agree it's appropriate to ask the TDY representatives what they can come up with on this.

My guess is that this particular 40-acre tract may have fallen through the cracks when there were various reorganizations going on in the late 1960s or so. In this tract the federal government had reserved the potash but not the oil and gas. It may be that those responsible for the deeds that were being executed thought that the potash company that owned the land didn't own any minerals, since it didn't own the potash. That's just speculation on my part, but as I said, I don't see any deed conveying United States Borax & Chemical Corporation's interest in the minerals as I have seen for its minerals in other land in the area and for its surface interest in this tract.

**William B. Burford**
*Partner*

KELLY ⬢ HART
508 W. WALL, SUITE 444
MIDLAND, TEXAS 79701
TELEPHONE (432) 683-4691
CELL (432) 638-0120
FAX (432) 683-6518

*bill.burford@kellyhart.com*
*www.kellyhart.com*

CONFIDENTIAL NOTICE: This electronic transmission and any documents or other writings sent with it constitute confidential information which is intended only for the named recipient and which may be legally privileged. If you have received this communication in error, do not read it. Please reply to the sender at Kelly Hart & Hallman LLP that you have received the message in error. Then delete it. Any disclosure, copying, distribution or the taking of any action concerning the contents of this communication or any attachment(s) by anyone other than the named recipient is strictly prohibited.

Kent,

You should have the title opinion on NE/4SE/4 Section 20-23S-29E, but you may not have had a chance to look at it. I wanted to alert you to the fact that there is a problem with the title that potentially could be pretty serious. I don't find anything showing that the potash company that owned the land back in the 1960s ever conveyed the minerals it owned in this tract as it did other land in the area—in other words there is a gap in the chain of title that may or may not be resolved by something that doesn't show up of record (some unrecorded corporate merger, for example). This is all addressed in much more detail in the opinion, of course, but I wanted to be sure you're aware that this problem exists and that it might not be a matter of routine curative.

Also, the opinion doesn't cover surface title. Currier Abstract certified to minerals only, although we didn't expressly ask them to do that. If surface title is especially important, we can discuss getting it covered.

Feel free to call with any questions.

**William B. Burford**
*Partner*

KELLY ⬢ HART
508 W. WALL, SUITE 444
MIDLAND, TEXAS 79701
TELEPHONE (432) 683-4691
CELL (432) 638-0120
FAX (432) 683-6518
*bill.burford@kellyhart.com*
*www.kellyhart.com*

CONFIDENTIAL NOTICE: This electronic transmission and any documents or other writings sent with it constitute confidential information which is intended only for the named recipient and which may be legally privileged. If you have received this communication in error, do not read it. Please reply to the sender at Kelly Hart & Hallman LLP that you have received the message in error. Then delete it. Any disclosure, copying, distribution or the taking of any action concerning the contents of this communication or any attachment(s) by anyone other than the named recipient is strictly prohibited.

BARRY BEAL, JR.

1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TDY INDUSTRIES, LLC,            *
                               *
        Plaintiff,             *
                               *
VS.                            *   CIVIL ACTION
                               *   NO: 2:18-cv-00296
                               *
                               *
BTA OIL PRODUCERS, LLC,        *
                               *
        Defendant.             *


**************************************************************

    ORAL AND VIDEOTAPED DEPOSITION OF BARRY BEAL, JR.

              Taken January 10, 2019

**************************************************************

            ORAL AND VIDEOTAPED DEPOSITION of BARRY

BEAL, JR., produced as a witness at the instance of the

Plaintiff, and duly sworn, was taken in the above-styled

and numbered cause on Thursday, January 10, 2019, from

9:02 a.m. to 3:41 p.m., in the offices of Permian Court

Reporters at 605 West Texas, Midland, Texas, before

Stephanie J. Blair, Certified Shorthand Reporter Number

6819 in and for the State of Texas, pursuant to the

Federal Rules of Civil Procedure.

EXHIBIT
**66**

BARRY BEAL, JR.

2

```
 1                 A P P E A R A N C E S
 2    For the Plaintiff:
 3          Mr. John R. Hardin
            Perkins Coie LLP
 4          500 North Akard Street, Suite 3300
            Dallas, Texas 75201
 5          (214) 965-7743
            johnhardin@perkinscoie.com
 6
 7          Ms. Skyler M. Howton
            Perkins Coie LLP
 8          500 North Akard Street, Suite 3300
            Dallas, Texas 75201
 9          (214) 965-7743
            showton@perkinscoie.com
10
11    For the Defendant:
12          Mr. John Kim
            The Kim Law Firm
13          4309 Yoakum Boulevard, Suite 2000
            Houston, Texas 77006
14          (713) 522-1177
            jhk@thekimlawfirm.com
15
16          Mr. Andrew J. Cloutier
            Hinkle Shanor, LLP
17          P.O. Box 10
            Roswell, New Mexico 88201
18          (575) 622-6510
            acloutier@hinklelawfirm.com
19
20          Mr. Rick D. Davis, Jr.
            BTA Oil Producers, LLC
21          General Counsel
            104 South Pecos
22          Midland, Texas 79701
23
24    Also Present:  Emily Daw, Videographer
                     Lauren McAndrews
25
```

BARRY BEAL, JR.

1   you are involved on a detailed level.  Right?

2        A.   So this is the -- let me just make sure what

3   this is.  This is the offer to...

4              Yes, this is basically after we've agreed

5   to -- to terms but have found the title gap and asking

6   them to -- for help fixing it, yes.  I would have known,

7   yes, I would have been involved now.

8        Q.   All right.  So by January 2016 you would have

9   been more involved in the details.

10       A.   That's correct.

11       Q.   Okay.  What would have been the impetus?

12       A.   For what?

13       Q.   For you getting more involved in the details.

14       A.   That was a decision that Willis would have

15   made.

16       Q.   Okay.  Was there anything that drove that

17   decision to the best of your knowledge?

18       A.   Well, I would guess the size of the deal and

19   the significance of it would have all -- would kind of

20   come under -- would be something -- something that I

21   would be -- need to know.

22       Q.   Yeah.  But the size of the deal by this

23   point -- I mean it had been determined for some period

24   of time already, though.  Right?

25              And let me back up real quick.

BARRY BEAL, JR.

129

1     Q.   But your lawyer knew about those

2  communications, didn't he?

3     A.   Prob- -- yes.

4     Q.   Right.  And your lawyer, who's trained in this

5  field, he said:  It would be prudent for BTA to insist

6  on a disclaimer such as the one prepared for TDY's

7  execution before purchasing from U.S. Borax.

8             Even knowing those communications.

9  Correct?

10     A.   Yes.

11     Q.   So who at BTA made the decision to reject

12  Bill Burford's advice?

13     A.   That'd be me.

14     Q.   Why?

15     A.   Because we -- I felt like the prudent thing to

16  do was to continue to acquire the interest and then

17  pursue that after the fact.

18     Q.   So even though you were advised to go get a

19  disclaimer from TDY, you chose to ignore it.

20     A.   Yes.

21     Q.   But your -- your -- okay.  Now, and you chose

22  to ignore it based on the communications with

23  Jimmy Proe.

24     A.   And -- and with further discussions with Bill

25  Burford.  It was not completely isolated --

BARRY BEAL, JR.

1          Do you have any other communications

2   between BTA from Mr. Proe's May 20, 2016, communication

3   and Willis Price's October 25, 2017, communication with

4   Mr. Proe?

5          A.   Not that I'm aware of.

6          Q.   Okay.  After May 20th it was complete silence

7   until October 25, 2017.  Correct?

8          A.   As far as I know, yes.

9          Q.   Right.  Now, October 25, 2017, was finally a

10  request after you purchased from Borax for disclaimer on

11  the 2016 land.  Right?

12         A.   The first date was?  The -- I'm sorry, I'm

13  just having trouble following the dates.

14         Q.   Sure.  The October 25, 2017, communication

15  from Mr. Price to Jimmy Proe was with respect to a

16  disclaimer of any interest TDY might have for the 2016

17  deed that BTA had already purchased from Borax.

18  Right?

19         A.   Correct.  That's correct.

20         Q.   Mr. Beal, I've got several questions to try to

21  prove up a point, but I think it might be proved up

22  fairly quickly in this document so give me just a

23  second.  We're going to read it.  We're staying on the

24  clock.  If you want to stretch or whatever, it doesn't

25  matter.

BARRY BEAL, JR.

215

1          CHANGES AND SIGNATURE.

2  WITNESS NAME: BARRY BEAL, JR.

3  DEPOSITION DATE:  January 10, 2019

4  PAGE LINE CHANGE OR CORRECTION REASON FOR CHANGE

5  37 - 4 - "third" to "fourth" - Misspoke

6  37 - 13 - "third" to "eight" - misspoke

7  107 - 21 - "McQueen" to "McQuien" - Mis-spelled

8  108 - 13 - " " " "

9  108 - 14,15,17,24 " " " "

10  109 -3 - " " " "

11  110 - 12 - " " " "

12  111 - 5 - " " " "

13  191 - 2,15 - " " " "

14  192 - 16,17 - " " " "

15  193 -16 - " " " "

16  196 - 1 - " " " "

17  208 - 17 - " " " "

18  ____ - ____ - ____

19        I, BARRY BEAL, JR., have read the

20  foregoing deposition and hereby affix my signature that

21  the same is true and correct, except as noted above.

22

23  _____
      BARRY BEAL, JR.

24  January 21, 2019

25                  MONA LAGAN
                Notary Public, State of Texas
                Notary ID 6648700
                My Commission Exp. 03-27-2021

BARRY BEAL, JR.

215

1          CHANGES AND SIGNATURE.

2   WITNESS NAME: BARRY BEAL, JR.

3   DEPOSITION DATE:   January 10, 2019

4   PAGE LINE CHANGE OR CORRECTION REASON FOR CHANGE

5   110 - 23  -  "McQueen's" to McQueen's "McQuien"   Mis-spell

6   130 - 24  -          "              -        "

7   192 - 22  -          "              -        "

8   123 - 15  -  "BS part" to "transparent"   incorrect transcription

9   ___ - ___  -  _____  -  _____

10  ___ - ___  -  _____  -  _____

11  ___ - ___  -  _____  -  _____

12  ___ - ___  -  _____  -  _____

13  ___ - ___  -  _____  -  _____

14  ___ - ___  -  _____  -  _____

15  ___ - ___  -  _____  -  _____

16  ___ - ___  -  _____  -  _____

17  ___ - ___  -  _____  -  _____

18  ___ - ___  -  _____  -  _____

19          I, BARRY BEAL, JR., have read the

20  foregoing deposition and hereby affix my signature that

21  the same is true and correct, except as noted above.

22

23  _____
            BARRY BEAL, JR.

24
    January 21, 2019

25                          MONA LAGAN
                    Notary Public, State of Texas
                        Notary ID 6648700
                    My Commission Exp. 03-27-2021

BARRY BEAL, JR.

216

```
 1              IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEW MEXICO
 2

 3   TDY INDUSTRIES, LLC,              *
                                       *
 4            Plaintiff,               *
                                       *
 5   VS.                               *    CIVIL ACTION
                                       *    NO: 2:18-cv-00296
 6                                     *
                                       *
 7   BTA OIL PRODUCERS, LLC,           *
                                       *
 8            Defendant.               *

 9   _____

10                 REPORTER'S CERTIFICATE

11            ORAL AND VIDEOTAPED DEPOSITION OF

12                    BARRY BEAL, JR.

13                 Taken January 10, 2019

14   _____

15

16              I, Stephanie J. Blair, Certified

17   Shorthand Reporter in and for the State of Texas, do

18   hereby certify to the following:

19              That the witness, BARRY BEAL, JR., was

20   duly sworn by the officer and that the transcript of the

21   oral deposition is a true record of the testimony given

22   by the witness;

23              I further certify that pursuant to FRCP

24   Rule 30(f)(1) that the signature of the deponent:

25              XXX was requested by the deponent or a
```

1　party before the completion of the deposition and

2　returned within 30 days from date of receipt of the

3　transcript.  If returned, the attached Changes and

4　Signature Page contains any changes and the reasons

5　therefor;

6　　　　　　　　_____ was not requested by the deponent or

7　a party before the completion of the deposition.

8　　　　　　　　I further certify that I am neither

9　attorney nor counsel for, related to, nor employed by

10　any of the parties to the action in which this testimony

11　was taken.  Further, I am not a relative or employee of

12　any attorney of record in this cause, nor am I

13　financially or otherwise interested in the outcome of

14　the action.

15　　　　　　　　Subscribed and sworn to on this the 14th

16　day of January, 2019.

17

18

19　

20

21

22　　　　　　　　Stephanie J. Blair
　　　　　　　　CSR No. 6819, Expires 10/31/21
　　　　　　　　Firm Registration No. 155
23　　　　　　　　Permian Court Reporters, Inc.
　　　　　　　　605 W. Texas
24　　　　　　　　Midland, Texas 79701
　　　　　　　　(432) 683-3032

25



**BTA OIL PRODUCERS, LLC**
104 SOUTH PECOS STREET
MIDLAND, TEXAS 79701-5021
432-682-3753
FAX 432-683-0311

CARLTON BEAL JR.
BARRY BEAL
SPENCER BEAL
KELLY BEAL
BARRY BEAL, JR.
STUART BEAL
ROBERT DAVENPORT, JR.

**GULF COAST DISTRICT**
TOTAL PLAZA
1201 LOUISIANA STREET, STE. 570
HOUSTON, TEXAS 77002
713-658-0077  FAX 713-655-0346

**ROCKY MOUNTAIN DISTRICT**
600 17TH STREET, STE. 2230 SOUTH
DENVER, COLORADO 80202
303-534-4404  FAX 303-534-4661

January 20, 2016

Federal Express

In re:   20702 Harroun Ranch
Township 23 South, Range 29 East
Section 17:   All
Section 20:   N/2N/2
Eddy County, New Mexico
Containing 800 acres, more or less

TDY Industries, LLC
c/o Bank of America, N. A., Agent
P. O. Box 840738
Dallas, Texas 75284-0738

Attention:  Mr. Jimmy Proe

Dear Mr. Proe:

  As you are aware, BTA Oil Producers, LLC ("BTA") and TDY Industries, LLC, c/o Bank of America, N.A., Agent ("TDY") entered into a letter agreement dated October 9, 2015 ("the Letter Agreement"). The Letter Agreement provided that TDY would grant an Oil and Gas Lease to BTA covering the above described lands on the following terms:

| | |
|---|---|
| Lease Bonus: | $2,000 per net mineral acre for Section 20, and |
| | $1,300 per net mineral acre for Section 17 |
| Term: | Three (3) years, paid up |
| Royalty: | ¼ |
| Shut-in: | $25 per net mineral acre |
| Form: | See OGL attached as Exhibit "A". |

  Per the Letter Agreement, BTA had an Acquisition Title Opinion ("Title Opinion") prepared covering the above described lands since TDY is not warranting title under the Oil and Gas Lease. William B. Burford with Kelly Hart & Hallman prepared the Title Opinion dated November 13, 2015. I have enclosed a copy of the Title Opinion for your file. Bill Burford also prepared a Memorandum dated November 19, 2015, regarding the United States Borax & Chemical/TDY Industries Title. I have enclosed a copy of the Memorandum for your file. Per the Title Opinion, TDY has clear title to the S/2SW/4 of Section 17 and the N/2NW/4 of Section 20, Township 23 South, Range 29 East, Eddy County, New Mexico. BTA proposes to pay the

**EXHIBIT**
**67**

TDY_0003971

Lease Bonus on these two tracts and enter into an OGL with TDY on the form attached covering both tracts (160 acres) on the same Oil and Gas Lease.   The Lease Bonus is $264,000.00 ($2,000/acre @ 80 acres for the N/2NW/4 of Section 20 plus $1,300/acre @ 80 acres for the S/2SW/4 of Section 17).

On the remaining 640 acres (being the N/2, SE/4, and N/2SW/4 of Section 17 and the N/2NE/4 of Section 20), TDY will need to clear its title prior to closing.  In order to clear title, BTA proposes that TDY either:

1)   Obtain a Quitclaim Deed from U. S. Borax Inc. (the corporate successor to United States Borax & Chemical Corporation) to Teledyne Industries, LLC covering the above described 640 acres plus the NE/4SE/4 of Section 20 previously leased to BTA; or,

2)   File an action to Quiet Title on the above described 640 acres plus the N/2NE/4 of Section 20 previously leased to BTA.

In the event TDY is not able to clear up the title by Quitclaim Deed or an action to Quiet Title as set out above, BTA will need to pursue an Oil and Gas Lease with the record title owner, U. S. Borax Inc.  In the event TDY is able to clear title as set out above, BTA will pay TDY the appropriate remaining Lease Bonus per the Letter Agreement and BTA and TDY will amend the description of the Oil and Gas Lease to cover the additional acreage.

If TDY agrees with the above described proposal, BTA will submit payment to TDY for the Lease Bonus in exchange for an executed Oil and Gas Lease covering the two eighty (80) acre tracts that have clear title. On the remaining acreage, please let me know TDY's preference on moving forward to clear title.

Should you have questions, you can call me at 432-682-3753, or my e-mail is wprice@btaoil.com.

Sincerely,

Willis D. Price III
Land Manager

WDP
Enclosures
C:\Users\mlagan\Documents\Land\Letters\WDP\TDY-20702 Harroun Ranch -OGL Offer 01202016.docx

TDY_0003972

# KELLY ⊕ HART

WILLIAM B. BURFORD
Bill.Burford@kellyhart.com

TELEPHONE: (432) 683-4691
FAX: (432) 683-6518

April 5, 2016

IN RE:  OPINION OF TITLE          )
(REVISED) TO:                     )
                                  )
Tract 1:  N½, SE¼, N½SW¼ Section 17,  )
N½NE¼ Section 20, containing 640 acres,  )
more or less;                     )
                                  )
Tract 2:  S½SW¼ Section 17, N½NW¼  )
Section 20, containing 160 acres, more  )
or less; and                      )
                                  )
Tract 3:  S½N½, N½SW¼, NW¼SE¼      )          No. 15-017
Section 20, containing 280 acres, more or  )
less;                             )
                                  )
All of said lands being located in  )
Township 23 South, Range 29 East,  )
N.M.P.M., Eddy County, New Mexico.  )
                                  )
20702 Harroun                     )
                                  )

BTA Oil Producers, LLC
104 South Pecos Street
Midland, Texas 79701

Attention:   Mr. Kent O. Christensen
             Landman

Gentlemen:

In connection with title to the captioned lands, we have examined Currier Abstract Company Abstract No. 15,159, which purports to trace title to the mineral estate (exclusive of potash rights) of the captioned lands, insofar as the same is reflected in the public records of Eddy County, New Mexico, from the inception of records to October 16, 2015 at 8:00 A.M.

From our examination of said abstract, and based solely thereon, we report the status of title to the mineral estate of the captioned lands, for acquisition and drilling purposes, as of October 16, 2015 at 8:00 A.M., as follows:

I.      **TITLE TO OIL, GAS AND OTHER MINERALS (INCLUDING LEASING RIGHTS, RIGHTS TO BONUSES, RENTALS, AND ROYALTIES):**

A.      <u>Title to Oil, Gas and Other Minerals (Except Sodium and Potash)* in N½, SE¼, N½SW¼ Section 17, N½NE¼ Section 20 (Tract 1) (Unleased):</u>

        U. S. Borax Inc.                  All

        *       Title to sodium and potash rights in Tract 1 is not reported.  See Exception to Title No. 11.

B.      <u>Title to Oil, Gas and Other Hydrocarbons* in S½SW¼ of Section 17, N½NW¼ Section 20 (Tract 2) (Unleased):</u>

        TDY Industries, LLC              All*

EXHIBIT
68

**MIDLAND OFFICE** | 508 W. WALL, SUITE 444 | MIDLAND, TX 79701 | TELEPHONE: (432) 683-4691 | FAX: (432) 683-6518
AUSTIN OFFICE | 303 COLORADO STREET, SUITE 2000 | AUSTIN, TX 78701 | TELEPHONE: (512) 495-6400 | FAX: (512) 495-6401
BATON ROUGE OFFICE | 301 MAIN STREET, SUITE 1600 | BATON ROUGE, LA 70801 | TELEPHONE: (225) 381-9643 | FAX: (225) 336-9763
FORT WORTH OFFICE | 201 MAIN STREET, SUITE 2500 | FORT WORTH, TX 76102 | TELEPHONE: (817) 332-2500 | FAX: (817) 878-9280
NEW ORLEANS OFFICE | 400 POYDRAS STREET, SUITE 1812 | NEW ORLEANS, LA 70130 | TELEPHONE: (504) 522-1812
*Kelly Hart & Hallman, a Limited Liability Partnership* | www.kellyhart.com

BTA 007981

Page - 10 -        No. 15-017

Company, Getty Oil Company, and Teledyne, Inc., the above described oil and gas lease was pooled with a lease then purportedly covering N½N½ Section 20 as to the Strawn, Atoka and Morrow Formations underlying N½ Section 20 for gas and associated liquid hydrocarbons, such that production from those depths underlying N½ Section 20 was to be allocated on an acreage basis. This agreement provides for a term of 12 months and so long thereafter as such substances were produced or operations for such production were conducted. If, as we believe, there is no longer a gas well, nor operations for gas production, in N½ Section 20, the pooling of N½ Section 20 appears to have expired.

  5. Lease and Production History: The oil and gas lease that we have regarded as covering Tract 3 is long beyond its primary term. According to well completion reports available in the records of the New Mexico Oil Conservation Division, the Teledyne 20 Gas Com. No. 1 Well was completed by Amoco Production Company as a Morrow gas well in NE¼NW¼ Section 20 on October 11, 1980, and apparently was producing from a pooled unit consisting of land that included portions of Tract 3 within the primary term of Lease 1 (if the primary term was extended to ten years as allowed by the lease). The latter well was apparently plugged back and recompleted in 2003 as an oil well in the Delaware Formation and later plugged.

  Three other wells have been drilled on land covered by Lease 1, all as Delaware oil wells. The Teledyne 20 #2 Well, drilled by Concho Resources Inc., was completed in SE¼NW¼ Section 20 on December 9, 2003; the Teledyne 20 #4 was drilled by Chesapeake Operating, Inc. in NE¼SW¼ Section 20 and completed on May 5, 2004; and the Teledyne 20 #5, drilled by Chesapeake Operating, Inc., was drilled in NW¼SE¼ Section 20 and completed on October 14, 2004. The Teledyne 20 #5 Well appears to have been plugged in 2012.

  We do not know whether there has been continuous production in paying quantities from land covered by Lease 1, covering Tract 3 so as to maintain it in effect, as that determination is beyond the scope of our examination. We will note that there appears to have been a period of time during which there was no production from any part of the captioned land covered by Lease 1; however, that lease covers a large amount of land other than the captioned land, and it is entirely possible that there has been continuous production from other land. We should also note that if you cannot verify that production under Lease 1 was established during its initial five-year primary term (or as the result of operations then in progress), it would be necessary to verify the payment of the bonus required to extend the primary term to ten years.

  REQUIREMENT A: We should be submitted evidence, or you should satisfy yourself, that oil or gas production was established on land covered by the above described Lease 1 during the primary term of the lease, or as the result of operations in progress at the end of the primary term, and that such production, once established, has been continuous in paying quantities from land covered by the lease down to the present.

  REQUIREMENT B: If there was no oil or gas production from land covered by Lease 1 at the end of its initial five-year primary term (or that resulted from operations then in progress), we should be submitted receipts or other evidence that the lease extension bonus provided for in the lease, in order to extend the lease's primary term to ten years, was paid to the lessors before the end of the initial five-year primary term.

IV.    EXCEPTIONS TO TITLE AND REMARKS:

  1. Cloud on U. S. Borax Title: Title to the oil and gas mineral estate of N½, SE¼, N½SW¼ Section 17 and N½NE¼ Section 20 (Tract 1) was held by United States Borax & Chemical Corporation, the corporate successor to United States Potash Company. Although Continental American Royalty Company purported to convey that land to U. S. Potash & Chemical Company by Warranty Deed dated June 10, 1969, recorded in Book 204, Page 280 of the Eddy County Deed Records, we do not find any evidence in the abstract examined of the passage of title to any mineral interest in that land from United States Borax & Chemical Corporation to Continental American Royalty Company. In 1968 United States Borax &

BTA 007990

Chemical Corporation conveyed the surface estate of N½, SE¼, N½SW¼ Section 17 and N½NE¼ Section 20 and its mineral interests in S½SW¼ Section 17 and N½NW¼ Section 20, among other land, to Continental American Royalty Company.  No deed of which we are aware appears to have included any interest in the minerals in N½, SE¼, N½SW¼ Section 17 or N½NE¼ Section 20, however.  We have therefore credited title to the oil and gas in N½, SE¼, N½SW¼ Section 17 and N½NE¼ Section 20 (Tract 1) to U. S. Borax Inc., the corporate successor to United States Borax & Chemical Corporation.

Notwithstanding that United States Borax & Chemical Corporation and its successors appear never to have conveyed the minerals in and under Tract 1, the above referenced 1969 deed by Continental American Royalty Company indicates that its grantee, U. S. Potash & Chemical Company, claimed to have acquired title to the minerals in that land, and subsequent deeds by Teledyne Potash, Inc. (successor by name change to U. S. Potash & Chemical Company) in 1974 and by Teledyne, Inc. in 1990 purported to convey all oil, gas, and other hydrocarbons in Tract 1.  The grantee in the latter deed was Teledyne Industries, Inc., which is now TDY Industries, LLC. Teledyne Potash, Inc. purported to lease All of Section 17 and N½N½ Section 20 to Amoco Production Company under an oil and gas lease dated March 14, 1974, recorded in Book 114, Page 903 of the Eddy County Miscellaneous Records.  All of the transactions in which the parties in the purported chain of title into TDY Industries, LLC have purported to convey or lease the interest represent apparent claims adverse to the title of U. S. Borax Inc. and cloud its title to the oil and gas underlying Tract 1.

REQUIREMENT C:  U. S. Borax Inc. should obtain from TDY Industries, LLC and file for record in Eddy County a quitclaim of any interest that it may have appeared to claim in the captioned Tract 1.

2.  Unrecorded Corporate Documentation:  Other than as discussed under Exception to Title No. 1, the chain of title to the oil and gas mineral estate underlying the captioned lands involves several corporate reorganizations, and not all of these are adequately reflected of record in Eddy County as far as we know.  These are as follows:

(a)  United States Potash Company acquired the captioned Tracts 1 and 2 in separate deeds between 1933 and 1939.  We have examined elsewhere documentation that in 1956 United States Potash Company merged with Pacific Coast Borax Company to form a corporation under the name of United States Borax & Chemical Corporation.  The merger of United States Potash Company into United States Borax & Chemical Corporation does not appear to be reflected of record in Eddy County.

(b)  United States Borax & Chemical Corporation apparently remained the record owner of the oil and gas mineral estate of N½, SE¼, N½SW¼ Section 17 and N½NE¼ Section 20 (Tract 1), although the surface estate of that land and mineral interests in other land were conveyed by it to Continental American Royalty Company, as discussed in Exception to Title No. 1 above.  We do not find documentation of record of the passage of title from United States Borax & Chemical Corporation to its corporate successor, U. S. Borax Inc.  We have seen documentation, although not recorded in Eddy County, that United States Borax & Chemical Corporation, a Nevada corporation, merged into Pacific Resources Co., a Delaware corporation, which thereupon changed its name to United States Borax & Chemical Corporation, as of May 28, 1987; that United States Borax & Chemical Corporation merged into Platt Energy Corporation, a Delaware corporation, which thereupon changed its name to United States Borax & Chemical Corporation, as of November 16, 1987; and that United States Borax & Chemical Corporation thereafter changed its name to U. S. Borax Inc., as of March 1, 1993.

(c)  Teledyne Industries, Inc., a California corporation, then the owner of the oil and gas mineral estate of the captioned Tract 2 apparently changed its name to TDY Industries, Inc. as of December 9, 1999.  This change in corporate name is reflected in an affidavit by an officer of Bank of America, N.A., the agent apparently engaged by TDY Industries, Inc. for oil and gas management, filed for record in 2002 and recorded in

BTA 007991

Page - 23 -        No. 15-017

appropriate corrections.  We mention this only because the matter was raised in our earlier opinion before this revision, and the matter is now satisfactory.

18.  Revised Opinion:  This opinion is a revised version of our earlier opinion of title on the same land, provided to you under date of November 13, 2015.  This is a completely revised version of the earlier opinion and is intended to supersede it in all respects, so that no further reference to the earlier opinion should be necessary.  The principal revisions to the opinion are that we have reported title to the oil and gas mineral estate in the captioned Tract 1 in U. S. Borax Inc., whereas the original opinion reported that title to be in TDY Industries, LLC, which evidently has claimed it, with a requirement for a showing of the passage of title from U. S. Borax Inc.; and that this revised opinion omits any discussion of the leasehold title under the oil and gas lease formerly covering the captioned Tracts 1 and 2, which has evidently expired.  This revised opinion is not materially inconsistent with the version originally submitted to you but seeks to report title in a manner that better represents the actual apparent state of the title.  Again, this opinion entirely supersedes the version originally submitted to you, and all title requirements and other matters not reiterated herein may be considered satisfactory.

19.  Limited Opinion:  This opinion is limited as follows:

(a)  This opinion does not cover such matters as area, boundaries, location on the ground or other matters which can be determined only by an actual ground survey, nor does it cover any matters not revealed by the materials examined, such as unsubmitted and unrecorded agreements and undisclosed understandings among parties.

(b)  This opinion does not cover the question of possible dedication of natural gas deposits under prior contracts subject to the jurisdiction of governmental regulatory agencies.  Such dedication may survive the expiration of oil and gas leases owned by the party making the dedication.

(c)  This opinion does not deal with any questions of state or federal securities and environmental laws and regulations or the possible effect thereof on title to, or operations on, this property or interests assigned or to be assigned therein.

(d)  Without our written consent, this opinion may be relied upon only by the addressee hereof.

Very truly yours,

KELLY HART & HALLMAN LLP

William B. Burford

William B. Burford

WBB:cl

Abstract previously returned.

BTA 008003



# KELLY ✪ HART

WILLIAM B. BURFORD
*Bill.Burford@kellyhart.com*

TELEPHONE: (432) 683-4691
FAX: (432) 683-6518

April 6, 2016

IN RE: OPINION OF TITLE
(REVISED) TO:

NE¼SE¼ Section 20, Township 23
South, Range 29 East, N.M.P.M., Eddy
County, New Mexico, containing 40 acres,
more or less.

) )
) )
) )
)
)
)

No. 15-010

BTA Oil Producers, LLC
104 South Pecos Street
Midland, Texas 79701-5021

Attention:   Mr. Kent Christensen
           Landman

Gentlemen:

In connection with title to the oil and gas mineral estate of the captioned lands, we have examined the following:

(a)  Currier Abstract Company Abstract No. 15,115, which purports to trace title to the mineral estate of the captioned lands, insofar as the same is reflected in the public records of Eddy County, New Mexico, from the inception of records to July 15, 2015 at 8:00 A.M.; and

(b)  Copy of Oil and Gas Lease from TDY Industries, LLC to BTA Oil Producers, LLC, dated October 28, 2014, analyzed herein.

From our examination of the foregoing, and based solely thereon, we report the status of title to the oil and gas mineral estate of the captioned lands, for drilling purposes, as of July 15, 2015 at 8:00 A.M., as follows:

I.    **TITLE TO OIL, GAS AND OTHER MINERALS (EXCEPT POTASH AND SODIUM):**

U. S. Borax Inc.                                      All

II.   **EXCEPTIONS TO TITLE AND REMARKS:**

1.  Cloud on U. S. Borax Title:  Title to the mineral estate of the captioned lands, except potash and sodium, was held by United States Borax & Chemical Corporation, the corporate successor to United States Potash Company.  Although Continental American Royalty Company purported to convey the captioned land to U.S. Potash & Chemical Company by Warranty Deed dated June 10, 1969, recorded in Book 204, Page 280 of the Eddy County Deed Records, we do not find any evidence in the abstract examined of the passage of title from United States Borax & Chemical Corporation to Continental American Royalty Company.  We are aware that in 1968 United States Borax & Chemical Corporation conveyed the surface estate of the captioned land and its mineral interests in other land in the vicinity to Continental American Royalty Company. The deeds of which we are aware do not appear to have included any interest in the minerals of the captioned lands, however.  We therefore credit title to the oil, gas, and other minerals (except

MIDLAND OFFICE | 508 W WALL, SUITE 444 | MIDLAND, TX 79701 | TELEPHONE: (432) 683-4691 | FAX: (432) 683-6518
AUSTIN OFFICE | 303 COLORADO STREET, SUITE 2000 | AUSTIN, TX 78701 | TELEPHONE: (512) 495-6400 | FAX: (512) 495-6401
BATON ROUGE OFFICE | 301 MAIN STREET, SUITE 1600 | BATON ROUGE, LA 70801 | TELEPHONE: (225) 381-9643 | FAX: (225) 336-9763
FORT WORTH OFFICE | 201 MAIN STREET, SUITE 2500 | FORT WORTH, TX 76102 | TELEPHONE: (817) 332-2500 | FAX: (817) 878-9280
NEW ORLEANS OFFICE | 400 POYDRAS STREET, SUITE 1812 | NEW ORLEANS, LA 70130 | TELEPHONE: (504) 522-1812 | FAX: (504) 522-1857
*Kelly Hart & Hallman; a Limited Liability Partnership | www.kellyhart.com*

EXHIBIT
**69**

BTA 000273

potash and sodium) to U. S. Borax Inc., the corporate successor to United States Borax & Chemical Corporation.

Notwithstanding that United States Borax & Chemical Corporation and its successors appear never to have conveyed the minerals, however, the above referenced 1969 deed by Continental American Royalty Company indicates that its grantee, U. S. Potash & Chemical Company, claimed to have acquired title to the minerals in that land, and subsequent deeds by Teledyne Potash, Inc. (successor by name change to U. S. Potash & Chemical Company) in 1974 and by Teledyne, Inc. in 1990 purported to convey all oil, gas and other hydrocarbons in the captioned land. The grantee in the latter deed was Teledyne Industries, Inc., which is now TDY Industries, LLC and was formerly TDY Industries, Inc. As noted in Exception to Title No. 6 below, a number of oil and gas leases have been executed over the years by Teledyne, Inc., Teledyne Industries, Inc., and TDY Industries, Inc., clearly indicating that TDY Industries, LLC appears to claim the oil and gas underlying the captioned land.

Notably, TDY Industries, Inc. executed an oil and gas lease to BTA Oil Producers, LLC, dated October 28, 2014, purporting to cover the captioned lands, a memorandum giving notice of which is recorded in Book 999, Page 408 of the Eddy County Records. We will not detail that lease, since it does not appear that the lessor owns the oil and gas that it purported to lease. It is our understanding that the lessor, TDY Industries, LLC, has been unable to demonstrate the passage of title out of United States Borax & Chemical Corporation to TDY's predecessors in interest in response to your inquiries about the source and validity of its title.

All of the transactions in which the parties in the purported chain of title into TDY Industries, LLC, and the above referenced purported oil and gas lease by TDY Industries, LLC to BTA Oil Producers, LLC, represent apparent claims adverse to the title of U. S. Borax Inc. and are clouds on its title.

REQUIREMENT A: U. S. Borax Inc. should obtain from TDY Industries, LLC and file for record in Eddy County a quitclaim of any interest that it may have appeared to claim in the captioned lands.

COMMENT: If the above requirement is satisfied, we would recommend (but do not require since BTA Oil Producers, LLC is the purported lessee) that the above referenced oil and gas lease from TDY Industries, LLC to BTA be released of record.

2. Unrecorded Corporate Documentation: Other than as discussed under Exception to Title No. 1, the chain of title to the oil and gas underlying the captioned lands involves several corporate reorganizations, and not all of these are adequately reflected of record in Eddy County as far as we know. These are as follows:

(a) United States Potash Company acquired the captioned lands in 1933. We have examined elsewhere documentation that in 1956 United States Potash Company merged with Pacific Coast Borax Company to form a corporation under the name of United States Borax & Chemical Corporation. The merger of United States Potash Company into United States Borax & Chemical Corporation does not appear to be reflected of record in Eddy County.

(b) United States Borax & Chemical Corporation apparently remained the record owner of the oil and gas mineral estate of the captioned lands after conveying the surface estate of this land and mineral interests in other land to Continental American Royalty Company, as discussed in Exception to Title No. 1 above. We do not find documentation of record of the passage of title from United States Borax & Chemical Corporation to its corporate successor, U. S. Borax Inc. We have seen documentation, although not recorded in Eddy County, that United States Borax & Chemical Corporation, a Nevada corporation, merged into Pacific Resources Co., a Delaware corporation, which thereupon changed its name to United States Borax & Chemical Corporation, as of May 28, 1987; that United States Borax & Chemical Corporation merged into Platt Energy Corporation, a Delaware corporation, which thereupon changed its name to

2152639_1

Page - 6 -          No. 15-010

Very truly yours,

KELLY HART & HALLMAN LLP

William B. Burford

WBB:cl

Abstract previously
returned.

2152639_1

BTA 000278



**BTA OIL PRODUCERS, LLC**
104 SOUTH PECOS STREET
MIDLAND, TEXAS 79701-5021
432-682-3753
FAX 432-683-0311

CARLTON BEAL, JR.
BARRY BEAL
SPENCER BEAL
KELLY BEAL
BARRY BEAL, JR.
STUART BEAL
ROBERT DAVENPORT, JR.

**GULF COAST DISTRICT**
TOTAL PLAZA
1201 LOUISIANA STREET, STE. 570
HOUSTON, TEXAS 77002
713-658-0077   FAX 713-655-0346

**ROCKY MOUNTAIN DISTRICT**
600 17TH STREET, STE. 2230 SOUTH
DENVER, COLORADO 80202
303-534-4404   FAX 303-534-4661

May 14, 2016

In re:   20702 Harroun Ranch
        Township 23 South, Range 29 East, NMPM
        Section 17:   N/2, SE/4, N/2SW/4
        Section 20:   N/2NE/4, NE/4SE/4
        Eddy County, New Mexico, containing 680 acres

U. S. Borax Inc.
14486 Borax Road
Boron, CA 93516
Attention: Mr. Nathan Francis

Dear Nathan:

U. S. Borax Inc. ("U. S. Borax") owns the oil, gas and minerals under the referenced lands
(hereafter called "U. S. Borax Minerals") in Eddy County, New Mexico. BTA Oil Producers, LLC
("BTA") made an offer to enter into an Oil and Gas Lease covering the U. S. Borax Minerals by
letter dated April 7, 2016. As an alternative to BTA's offer to lease the U. S. Borax Minerals, BTA
offers to purchase the U. S. Borax Minerals for $4,420,000.00 (680 net acres @ $6,500/net
acre). This offer is subject to BTA's review and approval of the title on the U.S. Borax Minerals,
and a mutually acceptable Mineral Deed to be used to close the transaction. If U. S. Borax
agrees to this offer, please sign in the space provided below, and BTA will submit a Mineral
Deed for review. The closing will occur upon the transfer of an executed Mineral Deed from
U. S. Borax Inc. to BTA in exchange for a wire transfer from BTA to U. S. Borax, Inc. in the
amount set out above.

**EXHIBIT**
**70**

BTA 001271

Please call me at 432-682-3753 should you have any questions, or you can reach me by e-mail me at wprice@btaoil.com. BTA looks forward to either entering into an Oil and Gas Lease covering the U. S. Borax Minerals, or purchasing the U. S. Borax Minerals as set out above. This offer is open for acceptance until Friday, May 20, 2016, at 11:30 Central Time.

Very truly yours,

**BTA Oil Producers, LLC**

Willis D. Price III
Land Manager

U. S. Borax, Inc. agrees to sell the U. S. Borax Minerals per the terms set out above. Agreed to and accepted this _____ day of May, 2016.

**U. S. Borax, Inc.**

By:_____
Printed Name:_____
Title:_____

BTA 001272

**Willis Price**

| | |
|---|---|
| **From:** | Proe, Jimmy <jimmy.proe@ustrust.com> |
| **Sent:** | Friday, May 20, 2016 12:30 PM |
| **To:** | Willis Price |
| **Subject:** | RE: Harroun Ranch - Section 17 & N/2N/2 Section 20-T23S-R29E-Eddy County, New Mexico |

Willis, that is fine.

Jimmy L. Proe
Senior Vice President
U.S. Trust, Bank of America Private Wealth Management
901 Main Street, 17th Floor, TX1-492-17-01
Dallas, TX 75202-3714
Phone: 214-209-2303, Fax: 214-530-2844

Please note my new e-mail address: jimmy.proe@ustrust.com

This communication is confidential and intended only for the addressee. If you are not the intended recipient, you may not copy, disclose, or distribute this message to anyone else; any such actions may be unlawful. If you have received this communication in error, please contact the sender of the message to inform him or her of the error. Regular Internet e-mail is not secure. We ask that you do not send personal or company information of a sensitive or confidential nature through unsecured e-mail. For questions concerning your account relationship with Bank of America, you may contact us by phone or US mail.

---

**From:** Willis Price [mailto:WPrice@btaoil.com]
**Sent:** Friday, May 20, 2016 9:55 AM
**To:** Proe, Jimmy
**Subject:** Harroun Ranch - Section 17 & N/2N/2 Section 20-T23S-R29E-Eddy County, New Mexico

Jimmy:

Hope all is well with you.  We have extended the same offer to lease U. S. Borax, Inc. that we offered TDY on the Harroun Ranch Acreage.  U. S. Borax, Inc. has requested that I send them confirmation that they are getting the same deal we offered TDY.  Do you mind if I send the attached letter agreement to U. S. Borax?  Regards.



**Willis Price**
**Land Manager**
**BTA Oil Producers, LLC**
**104 South Pecos**
**Midland, Texas 79701**
| | |
|---|---|
| **Phone** | **(432) 682-3753** |
| **Fax** | **(432) 683-0311** |
| **Cell** | **(432) 638-6810** |
| **E-mail** | **wprice@btaoil.com** |

1

**EXHIBIT**

**71**

BTA 006705

This message, and any attachments, is for the intended recipient(s) only, may contain information that is privileged, confidential and/or proprietary and subject to important terms and conditions available at http://www.bankofamerica.com/emaildisclaimer. If you are not the intended recipient, please delete this message.

BTA 006706

EMAILED AS
PDF FILE

# KELLY  HART

WILLIAM B. BURFORD
Bill.Burford@kellyhart.com

TELEPHONE: (432) 683-4691
FAX: (432) 683-6518

May 27, 2016

Mr. Willis Price
BTA Oil Producers, LLC
104 South Pecos Street
Midland, Texas 79701

            Re:    Interests of U.S. Borax Inc. in Sections 17
                  and 20, Township 23 South, Range 29 East,
                  N.M.P.M., Eddy County, New Mexico

Dear Willis:

      Transmitted herewith, pursuant to our recent conversation, are two documents, as
follows:

           1.  Mineral Deed from U.S. Borax Inc. to BTA Oil Producers, LLC, conveying all
of the oil, gas and other minerals (except potash and sodium) in the portions of Sections
17 and 20, Township 23 South, Range 29 East, that we found on examining title to be in
U.S. Borax.

           2.  Disclaimer prepared for execution by TDY Industries, LLC, in which it would
disclaim any interest in the land and quitclaim any interest that it may own or claim to
U.S. Borax, removing the cloud on title.

      In view of the fact that TDY Industries, LLC and the predecessors to its interest have
purported to execute oil and gas leases and otherwise deal with these minerals as if they owned it
for a long time, it would be prudent for BTA to insist on a disclaimer such as the one prepared
for TDY's execution before purchasing from U.S. Borax. The other alternative would be a suit
to quiet title, which we would expect to accomplish the same result but would be time-
consuming.

      You will recall that TDY Industries, LLC has customarily been represented by Bank of
America in executing oil and gas leases and other instruments during the last few years. In my
opinion you should not rely on execution of this disclaimer by Bank of America, as agent for
TDY Industries, LLC, unless you can obtain a recordable power of attorney or similar document
that you would place of record at the same time as the disclaimer, in which the agent clearly is
granted the authority to execute it. It has been my experience that agents (and particularly
banks) do not always have the authority that they purport to have, and that even when they do,

2182819_1

MIDLAND OFFICE | 508 W. WALL, SUITE 444 | MIDLAND, TX 79701 | TELEPHONE: (432) 683-4691 | FAX: (432) 683-6518
AUSTIN OFFICE | 303 COLORADO STREET, SUITE 2000 | AUSTIN, TX 78701 | TELEPHONE: (512) 495-6400 | FAX: (512) 495-6401
BATON ROUGE OFFICE |301 MAIN STREET, SUITE 1600 | BATON ROUGE, LA 70801 | TELEPHONE: (225) 381-9643 | FAX: (225) 336-9763
FORT WORTH OFFICE | 201 MAIN STREET, SUITE 2500 | FORT WORTH, TX 76102 | TELEPHONE: (817) 332-2500 | FAX: (817) 878-9280
NEW ORLEANS OFFICE | 400 POYDRAS STREET, SUITE 1812 | NEW ORLEANS, LA 70130 | TELEPHONE: (504) 522-1812 | FAX: (504) 522-1813
Kelly Hart & Hallman, a Limited Liability Partnership | www.kellyhart.com

EXHIBIT

__72__

BTA 012346

Page - 2 -

they are reluctant to provide documentation of it.  To avoid future questions about the title, I recommend that you insist on execution of the disclaimer on behalf of TDY Industries, LLC by a manager or officer.

I would of course be happy to discuss any aspect of these documents with you.

Very truly yours,

KELLY HART & HALLMAN LLP

*Bill*

William B. Burford

WBB:cl
Enclosures

BTA 012347

## DISCLAIMER

WHEREAS, United States Borax & Chemical Corporation, the successor by merger to United States Potash Company, was the owner of the oil, gas, and other minerals (except sodium and potash, which had been reserved by the United States of America) in and under and that may be produced from the following described land (hereinafter referred to as the "Subject Land") in Eddy County, New Mexico:

Township 23 South, Range 29 East, N.M.P.M.

Section 17:   N½, SE¼, N½SW¼
Section 20:   N½NE¼, NE¼SE¼

containing 680 acres, more or less;

and

WHEREAS, by Warranty Deed (the "1969 Deed") dated June 10, 1969, recorded in Book 204, Page 280 of the Deed Records in the office of the County Clerk of Eddy County, New Mexico, Continental American Royalty Company purported to convey the Subject Land, including the oil, gas, and other minerals thereunder, to U.S. Potash & Chemical Company; and

WHEREAS, at no time before or after the 1969 Deed had United States Borax & Chemical Company conveyed the oil, gas, and other minerals in and under the Subject Land to the said Continental American Royalty Company or to any other grantee, although United States Borax & Chemical Company had conveyed to Continental American Royalty Company the surface estate thereof, excepting and reserving the oil, gas, and other minerals; and

WHEREAS, notwithstanding their lack of mineral ownership, U.S. Potash & Chemical Company and successors to its purported interest have, since the 1969 Deed, purported to convey the oil, gas, and other minerals in and under the Subject Land and to execute oil and gas leases upon such minerals, thus casting clouds on title thereto; and

WHEREAS, any interest in or claim to the oil, gas, and other minerals that was purportedly conveyed in the 1969 Deed has become vested, by mesne conveyances, in TDY Industries, LLC, a California limited liability company; and

WHEREAS, following a series of mergers and changes in corporate name, United States Borax & Chemical Company is now U.S. Borax Inc., a Delaware corporation; and

WHEREAS, by this instrument the said TDY Industries, LLC desires to remove the cloud on U.S. Borax Inc.'s title to its interest in the mineral estate of said land;

NOW, THEREFORE, in consideration of the premises, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, **TDY INDUSTRIES, LLC**, a California limited liability company, hereby disclaims ownership of any

interest in and to the oil, gas, and other minerals in and under and that may be produced from the Subject Land, and does hereby remise, release and quitclaim unto **U.S. BORAX INC.**, a Delaware corporation, whose address is 8051 East Maplewood Avenue, Building 4, Greenwood Village, Colorado 80111, its successors and assigns, any and all right, title, and interest that may be owned or claimed, or that may appear to be owned or claimed, by the said TDY Industries, LLC, in and to the oil, gas, and other minerals in and under and that may be produced from the Subject Land.

EXECUTED this _____ day of _____, 2016.

TDY INDUSTRIES, LLC

By: _____
Name: _____
Title:_____

STATE OF _____)
                                              )
COUNT OF _____)

This instrument was acknowledged before me on this the _____ day of _____, 2016 by _____, _____ of TDY Industries, LLC, a California limited liability company, on behalf of said company.

My Commission Expires:                    _____
_____                       Notary Public in and for the
                                                          State of _____

2182798_1

- 2 -

## MINERAL DEED

For consideration paid, the receipt and sufficiency of which are hereby acknowledged, **U.S. BORAX INC.** ("Grantor") does hereby grant, bargain, sell, assign, and convey to **BTA OIL PRODUCERS, LLC** ("Grantee"), whose address is 104 South Pecos Street, Midland, Texas 79701, all of the oil, gas and other minerals in and under and that may be produced from the following described land in Eddy County, New Mexico:

Township 23 South, Range 29 East, N.M.P.M.

| Section 17: | N½, SE¼, N½SW¼ |
| Section 20: | N½NE¼, NE¼SE¼ |

containing 680 acres, more or less;

SAVE AND EXCEPT any rights in and to the potash and sodium in and under said lands, such mineral substances having been reserved to the United States of America;

together with the rights of ingress and egress at all times for the purpose of mining, drilling, exploring, operating, and developing said lands for oil, gas, and other minerals, and storing, handling, transporting, and marketing the same therefrom.

TO HAVE AND TO HOLD the said property, with all and singular the rights, privileges, and appurtenances thereunto in anywise belonging unto the said Grantee, its successors and assigns forever, and Grantor does hereby bind itself and its successors and assigns to warrant and forever defend, all and singular, the said property unto Grantee, its successors and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof.

EXECUTED this _____ day of _____, 2016.

U.S. BORAX INC.

By: _____
Name: _____
Title: _____

STATE OF _____ )
                       )
COUNT OF _____ )

This instrument was acknowledged before me on this the _____ day of _____, 2016 by _____, _____ of U.S. Borax Inc., a Delaware corporation, on behalf of said corporation.

My Commission Expires:

_____
_____
Notary Public in and for the State of _____

2182807_1

BTA 012350

## MINERAL DEED

For consideration paid, the receipt and sufficiency of which are hereby acknowledged, **U.S. BORAX INC.** ("Grantor") does hereby grant, bargain, sell, assign, and convey to **BTA OIL PRODUCERS, LLC** ("Grantee"), whose address is 104 South Pecos Street, Midland, Texas 79701, all of the oil, gas and other minerals in and under and that may be produced from the following described land in Eddy County, New Mexico:

Township 23 South, Range 29 East, N.M.P.M.

Section 17:    N½, SE¼, N½SW¼
Section 20:    N½NE¼, NE¼SE¼

containing 680 acres, more or less;

SAVE AND EXCEPT any rights in and to the potash and sodium in and under said lands, such mineral substances having been reserved to the United States of America;

together with the rights of ingress and egress at all times for the purpose of mining, drilling, exploring, operating, and developing said lands for oil, gas, and other minerals, and storing, handling, transporting, and marketing the same therefrom.

TO HAVE AND TO HOLD the said property, with all and singular the rights, privileges, and appurtenances thereunto in anywise belonging unto the said Grantee, its successors and assigns forever. This Mineral Deed is made without warranty of title, but Grantee is assigned the right to and may enforce any prior warranties in the chain of title.

EXECUTED this 7ᵗʰ day of December, 2016.

U.S. BORAX INC.

By: _____
Name: ~~Alexandre Ricardi~~ Derek C West
Title: ~~Chief Financial Officer~~ VP Legal


STATE OF COLORADO      )
                       )
COUNTY OF Arapahoe     )

This instrument was acknowledged before me on this the 7ᵗʰ day of December, 2016, by ~~Alexandre Ricardi, Chief Financial Officer~~ Derek C. West, V.P. Legal of U.S. Borax Inc., a Delaware corporation, on behalf of said corporation.

My Commission Expires:
     10/23/2019                    _____
                                   Notary Public in and for the State of Colorado

BTA OIL PRODUCERS LLC
ATTN MONA LAGAN
104 S PECOS ST
MIDLAND TX 79701

20702 Harroun Ranch - Mineral Deed 10072016.doc

**BRENDA RAE FISHER**
NOTARY PUBLIC - STATE OF COLORADO
Notary Identification # 20074018309
My Commission Expires 10/23/2019

Reception: 1700125  Book: 1090 Page: 0886  Pages: 1
Recorded: 01/05/2017 01:39 PM   Fee: $25.00
Eddy County, New Mexico ~ Robin Van Natta, County Clerk



EXHIBIT
73



## BTA OIL PRODUCERS, LLC

CARLTON BEAL, JR.
BARRY BEAL
SPENCER BEAL
KELLY BEAL
BARRY BEAL, JR.
STUART BEAL
ROBERT DAVENPORT, JR.

104 SOUTH PECOS STREET
MIDLAND, TEXAS 79701-5021
432-682-3753
FAX 432-683-0311

**GULF COAST DISTRICT**
TOTAL PLAZA
1201 LOUISIANA STREET, STE. 570
HOUSTON, TEXAS 77002
713-658-0077   FAX 713-655-0346

**ROCKY MOUNTAIN DISTRICT**
600 17TH STREET, STE. 2230 SOUTH
DENVER, COLORADO 80202
303-534-4404   FAX 303-534-4661

January 18, 2017

In re:  20702 Harroun Ranch
        Township 23 South, Range 29 East, NMPM
        Section 21:    W/2, NE/4, and N/2SE/4
        Eddy County, New Mexico
        containing 560 net acres, more or less

U. S. Borax Inc.
14486 Borax Road
Boron, CA 93516
Attention:  Mr. Nathan Francis

Dear Nathan:

BTA Oil Producers, LLC ("BTA") believes that U. S. Borax Inc. ("U. S. Borax") owns the oil, gas and minerals under the referenced lands (hereafter called "U. S. Borax Minerals") in Eddy County, New Mexico.  BTA Oil Producers, LLC ("BTA") offers to purchase the U. S. Borax Minerals for $3,640,000.00 (560 net acres @ $6,500/net acre).  This offer is subject to BTA's review and approval of the title on the U.S. Borax Minerals, and a mutually acceptable Mineral Deed to be used to close the transaction.  If U. S. Borax agrees to this offer, please sign in the space provided below, and BTA will submit a Mineral Deed for review.  The closing will occur upon the transfer of an executed Mineral Deed from U. S. Borax Inc. to BTA in exchange for a wire transfer from BTA to U. S. Borax, Inc. in the amount set out above.

**EXHIBIT**

**74**

Please call me at 432-682-3753 should you have any questions, or you can reach me by e-mail me at wprice@btaoil.com.  BTA looks forward to purchasing the U. S. Borax Minerals as set out above.  This offer is open for acceptance until Wednesday, January 25, 2017, at 11:30 Central Time.

Very truly yours,


**BTA Oil Producers, LLC**

Willis D. Price III
Land Manager


U. S. Borax, Inc. agrees to sell the U. S. Borax Minerals per the terms set out above.  Agreed to and accepted this _____ day of January, 2017.


**U. S. Borax, Inc.**


By:_____
Printed Name:_____
Title:_____



**BTA OIL PRODUCERS, LLC**

CARLTON BEAL, JR.
BARRY BEAL
SPENCER BEAL
KELLY BEAL
BARRY BEAL, JR.
STUART BEAL
ROBERT DAVENPORT, JR.

104 SOUTH PECOS STREET
MIDLAND, TEXAS 79701-5021
432-682-3753
FAX 432-683-0311

**GULF COAST DISTRICT**
TOTAL PLAZA
1201 LOUISIANA STREET, STE. 570
HOUSTON, TEXAS 77002
713-658-0077   FAX 713-655-0346

**ROCKY MOUNTAIN DISTRICT**
600 17TH STREET, STE. 2230 SOUTH
DENVER, COLORADO 80202
303-534-4404   FAX 303-534-4661

March 15, 2017

In re:  20702 Harroun Ranch
        Township 23 South, Range 29 East, NMPM
        Section 3:    SW/4SW/4
        Section 4:    S/2S/2
        Section 5:    SE/4SE/4
        Section 7:    S/2SE/4
        Section 8:    E/2 & SW/4
        Section 9:    All
        Section 10:   W/2
        Section 15:   NW/4NW/4
        Section 18:   E/2NE/4 & NE/4SE/4
        Eddy County, New Mexico
        containing 1,920 net acres, more or less

U. S. Borax Inc.
14486 Borax Road
Boron, CA 93516
Attention:  Mr. Nathan Francis

Dear Nathan:

BTA Oil Producers, LLC ("BTA") believes that U. S. Borax Inc. ("U. S. Borax") owns the oil, gas and minerals under the referenced lands (hereafter called "U. S. Borax Minerals") in Eddy County, New Mexico, as shown on the plat attached as Exhibit "A".  BTA Oil Producers, LLC ("BTA") offers to purchase the U. S. Borax Minerals for $12,480,000.00 (1,920 net acres @ $6,500/net acre). This offer is subject to BTA's review and approval of the title on the U.S. Borax Minerals, and the

**EXHIBIT**

**75**

use of the Mineral Deed attached as Exhibit "B" to close the transaction. The closing will occur upon the transfer of an executed Mineral Deed from U. S. Borax Inc. to BTA covering the acreage with title that is acceptable to BTA in exchange for a wire transfer from BTA to U. S. Borax, Inc. in the amount of the net acres covered in the Mineral Deed times $6,500/net acre. If U. S. Borax agrees to this offer, please sign in the space provided below.

Please call me at 432-682-3753 should you have any questions, or you can reach me by e-mail me at wprice@btaoil.com. BTA looks forward to purchasing the U. S. Borax Minerals as set out above. This offer is open for acceptance until Friday, March 22, 2017, at 11:30 Central Time.

Very truly yours,

**BTA Oil Producers, LLC**

Willis D. Price III
Land Manager

U. S. Borax, Inc. agrees to sell the U. S. Borax Minerals per the terms set out above. Agreed to and accepted this _____ day of March, 2017.

**U. S. Borax, Inc.**

By:_____
Printed Name:_____
Title:_____

BORAX-000424



EXHIBIT "A"

## EXHIBIT "B"

### MINERAL DEED

For consideration paid, the receipt and sufficiency of which are hereby acknowledged, **U.S. BORAX INC.** ("Grantor") does hereby grant, bargain, sell, assign, and convey to **BTA OIL PRODUCERS, LLC** ("Grantee"), whose address is 104 South Pecos Street, Midland, Texas 79701, all of the oil, gas and other minerals in and under and that may be produced from the following described land in Eddy County, New Mexico:

Township 23 South, Range 29 East, N.M.P.M.

| | | |
|---|---|---|
| Section 3: | SW¼SW¼ | |
| Section 4: | S½S½ | |
| Section 5: | SE¼SE¼ | |
| Section 7: | S½SE¼ | |
| Section 8: | E½, SW¼ | (Note: Description of U. S. Borax Minerals will be limited to lands |
| Section 9: | All | with title acceptable to BTA) |
| Section 10: | W½ | |
| Section 15: | NW¼NW¼ | |
| Section 18: | E½NE¼, NE¼SE¼ | |

containing 1,920 acres, more or less;

SAVE AND EXCEPT any rights in and to the potash and sodium in and under said lands, or any portion thereof, if any, that have been reserved to the United States of America;

together with the rights of ingress and egress at all times for the purpose of mining, drilling, exploring, operating, and developing said lands for oil, gas, and other minerals, and storing, handling, transporting, and marketing the same therefrom.

This deed is made subject to any rights now existing to any lessee or assigns under any valid and subsisting lease for oil, gas or any other minerals heretofore executed and now of legal record, insofar as such lease covers the land above described; it being understood and agreed that said Grantee shall have, receive and enjoy all of the bonuses, rents, royalties and other benefits which may accrue thereunder from and after the date hereof.

TO HAVE AND TO HOLD the said property, with all and singular the rights, privileges, and appurtenances thereunto in anywise belonging unto the said Grantee, its successors and assigns forever. This deed is made without warranty of title, express or implied, but with full substitution and subrogation of Grantee to all covenants and warranties of Grantor's predecessors in title.

EXECUTED this _____ day of _____, 2017.

U.S. BORAX INC.

By: _____
Name: _____
Title: _____

STATE OF _____ )
                         )
COUNT OF _____ )

This instrument was acknowledged before me on this the _____ day of _____, 2017 by _____
_____ of U.S. Borax Inc., a Delaware corporation, on behalf of said corporation.

My Commission Expires:

_____        _____
                                        Notary Public in and for the State of _____

BTA 15-017 Mineral Deed 1920 acres Exhibit B Revised.doc

# Willis Price

| | |
|---|---|
| **From:** | Willis Price |
| **Sent:** | Wednesday, October 25, 2017 3:45 PM |
| **To:** | jimmy.proe@ustrust.com |
| **Subject:** | Section 17 & 20-T23S-R29E-NMPM- Eddy County, NM |
| **Attachments:** | BTA 15-017 Disclaimer(2).doc |

Jimmy:

Hope all is well with you.  By letter dated October 9, 2015, BTA Oil Producers, LLC ("BTA") and TDY Industries, LLC ("TDY") entered into a letter agreement wherein BTA agreed to lease acreage from TDY in Section 17 and 20-T23S-R29E-NMPM-Eddy County, NM.  The letter agreement was subject to BTA preparing an Acquisition Title Opinion to verify title and then close upon BTA's verification and approval of title.  When we got the Title Opinion back from William B. Burford with Kelly Hart, it indicated that TDY only owned the N/2NW/4 of Section 20 and the S/2SW/4 of Section 17.  BTA and TDY entered into an OGL covering those tracts.  It was determined that the remaining tracts (N/2, SE/4, and N/2SW/4 of Section 17 and N/2NE/4 and NE/4SE/4 of Section 20-T23S-R29E-Eddy County, New Mexico) were not owned by TDY.  In order to clear up the cloud on title resulting from the Warranty Deed dated June 10, 1969, from Continental American Royalty Company to U. S. Potash & Chemical Company, recorded in Book 204, Page 280 of the Deed Records, Eddy County, New Mexico, as to the N/2, SE/4 and N/2SW/4 of Section 17 and N/2NE/4 and NE/4SE/4 of Section 20, BTA respectfully requests that TDY sign the attached Disclaimer.  Please call should you have questions.  Thanks.



**Willis Price**
**Land Manager**
**BTA Oil Producers, LLC**
**104 South Pecos**
**Midland, Texas 79701**
**Phone          (432) 682-3753**
**Fax              (432) 683-0311**
**Cell              (432) 638-6810**
**E-mail          wprice@btaoil.com**

**EXHIBIT**

**76**

BTA 007015

## DISCLAIMER

WHEREAS, United States Borax & Chemical Corporation, the successor by merger to United States Potash Company, was the owner of the oil, gas, and other minerals (except sodium and potash, which had been reserved by the United States of America) in and under and that may be produced from the following described land (hereinafter referred to as the "Subject Land") in Eddy County, New Mexico:

Township 23 South, Range 29 East, N.M.P.M.

Section 17:   N½, SE¼, N½SW¼
Section 20:   N½NE¼, NE¼SE¼

containing 680 acres, more or less;

and

WHEREAS, by Warranty Deed (the "1969 Deed") dated June 10, 1969, recorded in Book 204, Page 280 of the Deed Records in the office of the County Clerk of Eddy County, New Mexico, Continental American Royalty Company purported to convey the Subject Land, including the oil, gas, and other minerals thereunder, to U.S. Potash & Chemical Company; and

WHEREAS, at no time before or after the 1969 Deed had United States Borax & Chemical Company conveyed the oil, gas, and other minerals in and under the Subject Land to the said Continental American Royalty Company or to any other grantee, although United States Borax & Chemical Company had conveyed to Continental American Royalty Company the surface estate thereof, excepting and reserving the oil, gas, and other minerals; and

WHEREAS, notwithstanding their lack of mineral ownership, U.S. Potash & Chemical Company and successors to its purported interest have, since the 1969 Deed, purported to convey the oil, gas, and other minerals in and under the Subject Land and to execute oil and gas leases upon such minerals, thus casting clouds on title thereto; and

WHEREAS, any interest in or claim to the oil, gas, and other minerals that was purportedly conveyed in the 1969 Deed has become vested, by mesne conveyances, in TDY Industries, LLC, a California limited liability company; and

WHEREAS, following a series of mergers and changes in corporate name, United States Borax & Chemical Company is now U.S. Borax Inc., a Delaware corporation; and

WHEREAS, by this instrument the said TDY Industries, LLC desires to remove the cloud on U.S. Borax Inc.'s title to its interest in the mineral estate of said land;

NOW, THEREFORE, in consideration of the premises, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, **TDY INDUSTRIES, LLC**, a California limited liability company, hereby disclaims ownership of any

BTA 007016

interest in and to the oil, gas, and other minerals in and under and that may be produced from the Subject Land, and does hereby remise, release and quitclaim unto **U.S. BORAX INC.**, a Delaware corporation, whose address is 8051 East Maplewood Avenue, Building 4, Greenwood Village, Colorado 80111, its successors and assigns, any and all right, title, and interest that may be owned or claimed, or that may appear to be owned or claimed, by the said TDY Industries, LLC, in and to the oil, gas, and other minerals in and under and that may be produced from the Subject Land.

    EXECUTED this _____ day of _____, 2017, effective December 1, 2016.


                TDY INDUSTRIES, LLC


                By: _____
                Name: _____
                Title:_____


STATE OF _____)
                )
COUNT OF _____)

    This instrument was acknowledged before me on this the _____ day of _____, 2017 by _____, _____ of TDY Industries, LLC, a California limited liability company, on behalf of said company.


My Commission Expires:        _____
_____     Notary Public in and for the
                State of _____

BTA 15-017 Disclaimer(2)

BTA 007017

| From: | Willis Price [WPrice@btaoil.com] |
|---|---|
| Sent: | 11/6/2017 10:27:12 AM |
| To: | William B. Burford |
| Subject: | RE: Supplemental Abstract of Title |
| Attachments: | image002.gif;image003.gif; |

Bill:

You can go ahead and prepare the opinion and then supplement it when we get the Supplemental Abstract (I have been to Caprock and there is nothing much if anything after 05/02/2017); or, just wait until we have the Supplemental Abstract – your choice.  I have done some work on the leasehold situation and can come over and go over that with you and Bill Caraway at your convenience.  I think BJ and Bob are going to want a legal opinion of exactly what BTA should do once we purchase these minerals from U. S. Borax, Inc. (regarding the existing OGL and production on the "TDY OGL(s)").

WDP

**From:** William B. Burford [mailto:Bill.Burford@kellyhart.com]
**Sent:** Saturday, November 04, 2017 1:37 PM
**To:** Ashley Beal <ABeal@btaoil.com>; Willis Price <WPrice@btaoil.com>
**Subject:** RE: Supplemental Abstract of Title

Ashley and Willis,

I have been through the abstracts that are up to May 2, 2017.  I haven't seen anything unexpected. There are, as you know, oil and gas leases executed by TDY, which I don't find to own anything, and a few of those have wells drilled on them (or on land purportedly pooled with them).  I assume you'd like me to hold off on finalizing the opinion until we have the updated abstract?

**William B. Burford**
*Partner*

KELLY ⊕ HART
508 W. WALL, SUITE 444
MIDLAND, TEXAS 79701
TELEPHONE (432) 683-4691
DIRECT (432) 688-0412
CELL (432) 638-0120
FAX (432) 683-6518
bill.burford@kellyhart.com
www.kellyhart.com

```
EXHIBIT
  77
```

CONFIDENTIAL NOTICE: This electronic transmission and any documents or other writings sent with it constitute confidential information which is intended only for the named recipient and which may be legally privileged.  If you have received this communication in error, do not read it.  Please

1

**Willis Price**

| | |
|---|---|
| **From:** | Willis Price |
| **Sent:** | Wednesday, November 15, 2017 5:46 AM |
| **To:** | Proe, Jimmy |
| **Subject:** | SW/4SW/4 Sec. 3; S/2S/2 Sec. 4; SE/4SE/4 Sec. 5; S/2SE/4 Sec. 7; E/2&SW/4 Sec. 8; All Sec. 9; W/2 Sec. 10; NW/4NW/4 Sec. 15;E/2NE/4 & NE/4SE/4 Sec. 18-T23S-R29E-Eddy County, NM, 1,920 Gross/Net Acres |

Jimmy:

BTA Oil Producers, LLC ("BTA") has entered into an Agreement to purchase the minerals under the above referenced tracts from U. S. Borax Inc. ("Borax").  Under the Agreement, BTA and Borax are to close on Friday, November 17, 2017.  Our review of the public records reveals a number of instances in which TDY Industries, LLC ("TDY") and predecessors have executed oil and gas leases and deeds on this land, as well as other land owned of record by Borax in Sections 17 and 20-T23S-R29E, although we do not find any mineral title in TDY.  Prior to BTA's previous purchase of minerals from Borax in Sections 17 and 20, BTA requested that TDY provide any unrecorded deeds in its possession from Borax to TDY or its predecessors and assigns prior to the closing.  Similarly, BTA requests that TDY, or its predecessors and assigns, provide any unrecorded deeds in their possession conveying title to the minerals on the above referenced lands from Borax, its predecessors and assigns, into TDY or its predecessors and assigns, or provide any other documentation of the source of any title TDY may claim.  BTA requests that TDY provide any unrecorded deeds or other documentation in its possession prior to the scheduled closing on  Friday, November 17, 2017.  Please call me at 432-682-3753 should you have questions or wish to discuss or you can e-mail me at wprice@btaoil.com.



**Willis Price**
**Land Manager**
**BTA Oil Producers, LLC**
**104 South Pecos**
**Midland, Texas 79701**
| **Phone** | **(432) 682-3753** |
|---|---|
| **Fax** | **(432) 683-0311** |
| **Cell** | **(432) 638-6810** |
| **E-mail** | wprice@btaoil.com |

**EXHIBIT**
**78**

BTA 007164

LAW OFFICE

# DAVIS, GERALD & CREMER
A PROFESSIONAL CORPORATION

400 W. ILLINOIS, SUITE 1400
MIDLAND, TEXAS 79701

JACOB M. DAVIDSON

TELEPHONE (432) 687-0011
FAX (432) 687-1735
EMAIL: jmdavidson@dgclaw.com

November 16, 2017

**VIA EMAIL AND HAND DELIVERY**
Mr. Willis Price
BTA Oil Producers, LLC
104 South Pecos
Midland, Texas 79701
wprice@btaoil.com

> Re:   SW/4SW/4 Sec. 3; S/2S/2 Sec. 4; SE/4SE/4 Sec. 5; S/2SE/4 Sec. 7; E/2&SW/4
> Sec. 8; All Sec. 9; W/2 Sec. 10; NW/4NW/4 Sec. 15;E/2NE/4 & NE/4SE/4 Sec.
> 18-T23S-R29E-Eddy County, NM (the "Lands")

Dear Willis:

TDY Industries, LLC ("TDY") has retained our firm to assist it in investigating title issues that have been raised and relate to the mineral ownership of the above-described Lands. TDY has also asked me to respond to your November 15, 2017 e-mail to Jimmy Proe. TDY continues to investigate the issues you have raised in your e-mails regarding competing title claims to the Lands. Additional investigation is needed, but be advised that at this time TDY claims to own the interest in the Lands addressed in your e-mail.

As you acknowledge, TDY and its predecessors have been recognized as the mineral owner of the Lands for decades with no adverse claim to that interest or any other party even showing up in the chain of title. Additionally, please find enclosed a letter dated April 14, 1969 located in TDY's land files. TDY continues to investigate the issues you have raised, but I believe this correspondence supports TDY's position and ownership of the minerals in addition to the long history of leasing activity of the Lands as well as other publicly available information.

Should BTA move forward with closing the contemplated transaction you reference in your e-mail, please advise and provide any such documentation when available so that TDY may determine which parties are necessary in a quiet title action should that be the course TDY decides to take. Please contact me should you wish to discuss this matter further. Thank you.

**EXHIBIT**
**79**

BTA 011051

Mr. Willis Price
November 16, 2017
Page 2

Yours very truly,

**DAVIS, GERALD & CREMER**

By:

Jacob M. Davidson

JMD/jw

cc:    **VIA EMAIL**
       Mr. Derek West
       US Borax Inc.
       Derek.west@riotinto.com

BTA 011052

JOHN B. WALKER
MILFORD O. ESTILL

LAW OFFICES
WALKER AND ESTILL
508 WEST STEVENS
CARLSBAD, NEW MEXICO 88220

TELEPHONE
505-882-2280

April 14, 1969

Stephenson, Campbell & Olmsted
231 Washington Avenue
Santa Fe, New Mexico

Re: Correction Warranty Deed and Partial
Releases of Mortgage, U. S. Borax &
Chemical Corporation to Continental
American Royalty Company.

Dear Dave:

Some time ago, it was brought to my attention that through inadvertence
and error, the original conveyance from U. S. Borax & Chemical Corp-
oration to Continental American Royalty Company reserved minerals unto
United States Borax & Chemical Corporation which were not specifically
reserved in the patent, and we therefore have obtained and you will
find enclosed herewith for your examination and approval, correction
Warranty Deed which limits the reservation to only potash and sodium.

Pursuant to the terms of the original Agreement, you will also find
enclosed herewith Partial Release of Mortgage covering the office
building here in Carlsbad and the two tracts of real estate situated
in La Huerta, Eddy County, New Mexico, and the State and Federal oil
leases pursuant to paragraph 11 of such Agreement.

At such time as you have had an opportunity to review all of the en-
closures, I would sincerely appreciate your advising Mr. M. Rosenberg
here in Carlsbad that such instruments are in proper form so that he
can, in turn, deliver to me a supplemental mortgage which in effect
covers the minerals which are conveyed by the enclosed correction
Warranty Deed.

Very truly yours,

WALKER AND ESTILL

John B. Walker

JBW:fc
Encl:
cc: Mr. M. Rosenberg
U. S. Potash Building
Carlsbad, New Mexico

Mr. Earl Miller
U. S. Potash Company
Box 101
Carlsbad, New Mexico 88220

COPY

BTA 011053

## ASSIGNMENT OF CLAIMS

This Assignment of Claims (this "Assignment") is made and entered into on the date hereafter set forth by **U.S. Borax Inc.** ("Assignor") to **BTA Oil Producers, LL**C ("Assignee"), whose address is 104 South Pecos, Midland, Texas 79701. Assignor and Assignee are collectively referred to as the "Parties." This Assignment pertains to Claims, as hereafter defined, relating to the following described land (the "Subject Land") in Eddy County, New Mexico:

Township 23 South, Range 29 East, N.M.P.M.

| | |
|---|---|
| Section 3: | SW¼SW¼ |
| Section 4: | S½S½ |
| Section 5: | SE¼SE¼ |
| Section 7: | S½SE¼ |
| Section 8: | E½, SW¼ |
| Section 9: | All |
| Section 10: | W½ |
| Section 15: | NW¼NW¼ |
| Section 17: | N½, SE¼, N½SW¼ |
| Section 18: | E½NE¼, NE¼SE¼ |
| Section 20: | N½NE¼, NE¼SE¼ |

containing 2,600 acres, more or less.

Assignor has executed deeds in favor of Assignee collectively conveying its entire interest in and to the oil, gas, and other minerals, except previously reserved potash and sodium, in and under and that may be produced from the Subject Land. It has come to the Parties' attention that Assignor may have claims and causes of action against one or more third parties (all such claims and causes of action being referred to herein as "Claims") arising from such third-parties' execution of oil and gas leases or oil, gas, and mineral leases and from such third-parties' entering upon the Subject Land and drilling for and producing and taking oil, gas, and other minerals therefrom without authorization from or accounting to Assignor. As part of the same transaction in which Assignor conveyed to Assignee the Subject Land, and for the same consideration paid by Assignee, Assignor agreed to assign such Claims to Assignee.

NOW, THEREFORE, in consideration of the foregoing, Assignor does hereby bargain, sell, assign, convey, transfer, relinquish and deliver to Assignee any such Claims relating to the Subject Land, whether such Claims relate to or arise from occurrences at any time before or after this Assignment, whether known or unknown to Assignor or Assignee, including, but not limited to, those for damages in trespass, accounting for produced oil, gas, and other minerals or the proceeds and profits thereof, slander of title, and any Claims relating to the Subject Land of whatsoever nature to which Assignor may be entitled.

TO HAVE AND TO HOLD unto Assignee, its successors and assigns, forever. Assignor does not represent or warrant the existence or extent of any Claim or Claims. The Parties intend by this Assignment to place Assignee in the position of Assignor to bring any Claims that may

**EXHIBIT**
**80**

BTA OIL PRODUCERS LLC
ATTN WILLIS PRICE
104 SOUTH PECOS
MIDLAND, TX 79701

*Reception: 1713543* Book: 1101 Page: 0156 Pages: 2
Recorded: 12/04/2017 11:57 AM   Fee: $50.00
*Eddy County, New Mexico ~ Robin Van Natta, County Clerk*

TDY_0004068

3543
50 -
2 ᴛᵤₛ ᴛ₿

exist and Assignor does hereby vest in Assignee the right to pursue such Claims, whether the Claims arise before or after the date hereof.

EXECUTED this 30th day of ___November___, 2017.

U.S. BORAX INC.

By: _____

Derek C. West
Vice President-Legal

STATE OF COLORADO    )
                             )
COUNT OF ARAPAHOE    )

This instrument was acknowledged before me on this the 30th day of ___November___ 2017 by Derek C. West, Vice President-Legal of U.S. Borax Inc., a Delaware corporation, on behalf of said corporation.

My Commission Expires:
_10/23/2019_

_Brenda Rae Fisher_

Notary Public in and for the State of Colorado

```
BRENDA RAE FISHER
NOTARY PUBLIC - STATE OF COLORADO
Notary Identification # 20074018309
My Commission Expires 10/23/2019
```

| BTA Assignment of Claims 11-28-17.docx~~2566867_1.docx~~

- 2 -

TDY_0004069

## MINERAL DEED

STATE OF NEW MEXICO  §
                                       §
COUNTY OF EDDY         §

For consideration paid, the receipt and sufficiency of which are hereby acknowledged, **U.S. BORAX INC.** ("Grantor") whose address is 8051 E. Maplewood Ave #300, Greenwood Village, CO 80111, does hereby grant, bargain, sell, assign, and convey to **BTA OIL PRODUCERS, LLC** ("Grantee"), whose address is 104 South Pecos Street, Midland, Texas 79701, all of the oil, gas and other minerals in and under and that may be produced from the following described land in Eddy County, New Mexico:

Township 23 South, Range 29 East, N.M.P.M.

| | |
|---|---|
| Section 3: | SW¼SW¼ |
| Section 4: | S½S½ |
| Section 5: | SE¼SE¼ |
| Section 7: | S½SE¼ |
| Section 8: | E½, SW¼ |
| Section 9: | All |
| Section 10: | W½ |
| Section 15: | NW¼NW¼ |
| Section 18: | E½NE¼, NE¼SE¼ |

containing 1,920 acres, more or less;

SAVE AND EXCEPT any rights in and to the potash and sodium in and under said lands, or any portion thereof, if any, that have been reserved to the United States of America; together with the rights of ingress and egress at all times for the purpose of mining, drilling, exploring, operating, and developing said lands for oil, gas, and other minerals, and storing, handling, transporting, and marketing the same therefrom.

This deed is made subject to any rights now existing to any lessee or assigns under any valid and subsisting lease for oil, gas or any other minerals heretofore executed and now of legal record, insofar as such lease covers the land above described; it being understood and agreed that said Grantee shall have, receive and enjoy all of the bonuses, rents, royalties and other benefits which may accrue thereunder from and after the date hereof.

TO HAVE AND TO HOLD the said property, with all and singular the rights, privileges, and appurtenances thereunto in anywise belonging unto the said Grantee, its successors and assigns forever. This deed is made without warranty of title, express or implied, but with full substitution and subrogation of Grantee to all covenants and warranties of Grantor's predecessors in title.

BTA OIL PRODUCERS LLC
ATTN WILLIS PRICE
104 SOUTH PECOS
MIDLAND, TX 79701

20702 Hartman Ranch – Mineral Deed 11142017.doc

*Reception: 1713542*  Book: 1101  Page: 0155  Pages: 2
Recorded: 12/04/2017 11:57 AM    Fee: $50.00
*Eddy County, New Mexico – Robin Van Natta, County Clerk*

**EXHIBIT**
**81**

3542
2pp. 50 —

+11
+100 —

EXECUTED this 15th day of November, 2017.

U.S. BORAX INC.

By: _____
Name: Derek C. West
Title: Vice-President Legal

STATE OF COLORADO        §
                         §
COUNTY OF ARAPAHOE       §

The foregoing instrument was acknowledged before me on this 15th day of November, 2017 by Derek C. West, Vice-President Legal of U.S. Borax Inc., a Delaware corporation, on behalf of said corporation.

_____
Notary Public, State of Colorado

BRENDA RAE FISHER
NOTARY PUBLIC - STATE OF COLORADO
Notary Identification # 20074018309
My Commission Expires 10/23/2019

2

20792 Harroun Ranch - Mineral Deed 11142017.doc



*** CLERK'S CERTIFICATE ***
Certified March 13, 2019
as a true and correct copy of the original recorded in this office.
Robin Van Natta, Clerk of Eddy County, New Mexico

_____ , Deputy



Brandon Patrick
Land Manager
Novo Oil & Gas Northern Delaware, LLC
105 N. Hudson Avenue, Suite 500
Oklahoma City, Oklahoma 73102
Office: 405-609-1740
bpatrick@novoog.com

June 29, 2018

Bank of America, N. A.
901 Main Street, 17th Floor
600 W Illinois Avenue
Dallas, TX 75202-3714
Attention: Jimmy Proe

Re:      Letter of Intent
          23S-29E, Eddy County, New Mexico

Mr. Proe:

Novo Oil & Gas Northern Delaware, LLC ('Novo") understands that TDY Industries ("TDY") and BTA Oil Producers, LLC ("BTA") each claim title to the oil, gas, and other minerals under the lands described on Exhibit "A" (the "Properties"). Novo also understands that on March 29, 2018 TDY filed a complaint against BTA in the United States District Court for the District of New Mexico ("TDY's Complaint") where TDY is seeking a judgement in favor of TDY that quiets title with respect to TDY's ownership of the Properties.

Novo desires to purchase or lease from TDY its rights in and to the oil, gas, and other minerals of the Properties immediately after either of the following occur:

(i)      BTA withdraws its claim to title of the Properties and agrees to relinquish any and all of BTA's claims to title of Properties; or

(ii)     a judgment is issued by a court having jurisdiction that quiets title with respect to TDY's ownership of the Properties and said judgment is either affirmed or not challenged on appeal.

Below are three (3) offers proposed by Novo. Each offer is made contingent upon the occurrence of either of the events provided in (i) and (ii) above. Furthermore, the purpose of this letter is to set forth certain non-binding terms proposed by Novo. Upon TDY's acceptance of either of the offers below, Novo and TDY would endeavor to negotiate and execute a definitive agreement (the "Agreement") to govern the potential transaction between TDY and Novo. To accept one of the offers below, please mark (or fill) the blank space next to the option you desire to accept and sign the second page of this letter.

☐ **Option #1: Offer to Purchase Minerals**

a.   Novo would pay to TDY **SIXTY MILLION DOLLARS ($60,000,000.00)** (the "Purchase Price").

b.   TDY would execute a mutually agreed upon mineral deed whereby TDY would convey to Novo all of TDY's rights, title, and interest in and to the Properties;

☐ **Option #2: Offer to Lease at 22% Royalty**

a.   Novo would pay to TDY a cash bonus of **TWENTY-EIGHT MILLION DOLLARS ($28,000,000)**;

b.   TDY would execute a mutually agreed upon oil and gas lease whereby TDY would lease to Novo all of TDY's rights, title, and interest in and to the Properties;

c.   TDY would receive a twenty-two percent (22%) royalty, in the event of production

d.   The lease would contain a primary term of three (3) years with an option to extend for an additional two (2) years.

e.   The lease would cover all lands and depths not otherwise held by other oil and gas leases.

**EXHIBIT**

**82**

BOA-002959

**Option #3: Offer to Lease at 25% Royalty**

 f. Novo would pay to TDY a cash bonus of **TWENTY-FIVE MILLION DOLLARS ($25,000,000);**

 g. TDY would execute a mutually agreed upon oil and gas lease whereby TDY would lease to Novo all of TDY's rights, title, and interest in and to the Properties;

 h. TDY would receive a twenty-five percent (25%) royalty, in the event of production

 i. The lease would contain a primary term of three (3) years with an option to extend for an additional two (2) years.

 j. The lease would cover all lands and depths not otherwise held by other oil and gas leases.

If you have any questions or comments, please do not hesitate to contact me. I look forward to discussing this offer with you in more detail at your convenience.

Sincerely,

**Novo Oil & Gas Northern Delaware, LLC**

Brandon Patrick
Land Manager

BOA-002960

Attached hereto and made a part hereof that certain Letter of Intent dated June 29, 2018 by and between Novo Oil & Gas Northern Delaware, LLC and TDY Industries, LLC c/o Bank of America, N.A.

The above offers shall remain open until July 9, 2018 at 5:00 P.M. CDT.

**Novo Oil & Gas Northern Delaware, LLC**

By: _____
Tim Fahler, Chief Executive Officer

**TDY Industries, LLC c/o Bank of America, N.A.**

By: _____
Jimmy L. Proe, Senior Vice President

BOA-002961

Exhibit "A"

Attached hereto and made a part hereof that certain Letter of Intent dated June 29, 2018 by and between Novo Oil & Gas Northern Delaware, LLC and TDY Industries, LLC c/o Bank of America, N.A.

**Properties:**

| Section | Township | Range | Legal Description | Depths | Net Mineral Acres |
|---|---|---|---|---|---|
| 8 | 23S | 29E | S/2, NE/4 | ALL | 480 |
| 9 | 23S | 29E | ALL | ALL | 640 |
| 10 | 23S | 29E | W/2 | ALL | 320 |
| | | | | **TOTAL** | **1,440** |

BOA-002962

```
 1              IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEW MEXICO
 2
    TDY INDUSTRIES, LLC,          *
 3                                *
          Plaintiff,              *
 4                                *
    VS.                           *   Civil Action
 5                                *   No. 1:8-CV-00296
    BTA OIL PRODUCERS, LLC,       *
 6                                *
          Defendant.              *
 7

 8

 9       **********************************************

10             VIDEOTAPED ORAL DEPOSITION OF

11              BRUCE L. BLACKER, CPA, CFF

12                  JANUARY 22, 2019

13       **********************************************

14

15

16        VIDEOTAPED ORAL DEPOSITION OF BRUCE L.

17  BLACKER, CPA, CFF, produced as a witness at the instance

18  of Defendant, and duly sworn, was taken in the

19  above-styled and numbered cause on the 22nd day of

20  January 2019 from 10:08 a.m. to 4:32 p.m., before

21  Deborah Marks, CSR in and for the State of Texas,

22  reported stenographically at the offices of Perkins

23  Coie, LLP, 500 N. Akard Street, Suite 3300, Dallas,

24  Texas, pursuant to the Federal Rules of Civil Procedure

25  and the provisions stated on the record.
```

**EXHIBIT**
**83**
TDY INDUSTRIES, LLC VS.

```
 1                    A P P E A R A N C E S

 2

     FOR PLAINTIFF:
 3
          Mr. John Hardin
 4        Ms. Skyler M. Howton
          PERKINS COIE, LLP
 5        500 N. Akard Street
          Suite 3300
 6        Dallas, Texas 75201-3347
          214.269.4957
 7        showton@perkinscoie.com

 8

     FOR DEFENDANT:
 9
          Mr. Andrew J. Coultier
10        HINKLE SHANOR, LLP
          PO Box 10
11        Roswell, New Mexico 88202-0010
          575.622.6510
12        acloutier@hinklelawfirm.com
                         -AND-
13        Mr. David A. McDougald
          THE KIM LAW FIRM
14        4309 Yoakum
          Suite 2000
15        Houston, Texas, 77006
          713.522.1177
16        david@thekimlawfirm.com

17

     ALSO PRESENT:  Mr. Randall S. Lemer, CFF, CFE, JD
18                  Ms. Miranda Glover, Videographer

19

20                      * * * * * * * * * *

21

22

23

24

25
```

1   in this case in September of last year; is that --

2       A.    That's correct, yeah.  I had to refresh my

3   memory based on our engagement letter.

4       Q.    Okay.  And when did you find the Borax filings

5   through Thomson Reuters?

6       A.    Before I issued my report.  I -- I don't know.

7       Q.    Okay.

8       A.    Like I say, we were headed down parallel paths

9   trying to find -- find the information.

10      Q.    Okay.  And describe the process of retrieving

11  these Borax reports identified in filings identified in

12  paragraph 20 of your report from Thomson Reuters.

13      A.    Maybe just ask -- you -- I don't understand

14  your question, I guess.

15      Q.    I -- I just want to know what -- what were the

16  mechanics?  Is there an online form to fill out and they

17  send them to you?  Do you speak to a human being on the

18  phone and they research it for you?  I mean, what -- how

19  did it -- how did it work?

20      A.    Okay.  I understand.

21      Q.    Okay.

22      A.    I actually have a number of staff that helped

23  me on the -- on the project.  Analysis Group, being a

24  consulting firm, has access to the -- a number of

25  third-party resources, right, as a subscriber or -- or

Deposition of Bruce L. Blacker, CPA                    TDY INDUSTRIES, LLC VS. BTA OIL PRODUCERS, LLC

1    you can purchase that.  So I had the staff start to --

2    to search and find that -- find the process.  So based

3    upon the staff -- you know, some of the staff that were

4    helping on the project, you can see the public libraries

5    that we went and the resources that they found.

6                  Ultimately, Analysis Group has a contact

7    person, so I guess I asked the staff to find that

8    information is what I can answer.  But the process was,

9    I'm assuming, that that individual then contacted

10   Thomson Reuters.  What I do know is once it was

11   identified that Thomson Reuters had the information,

12   because they sell this third-party information, there

13   were things that had to be signed to get that.

14       Q.    Okay.

15       A.    And I signed those documents so that Thomson

16   Reuters could send them to us.

17       Q.    Okay.

18       A.    And, again, they do that for a fee, Thomson

19   Reuters.  I understand that Thomson Reuters is -- again

20   it's a depository of many of the SEC filings that the

21   SEC had these documents.  They're one of the parties

22   that found an opportunity to collect data and sell it to

23   users.

24       Q.    Okay.  So when you used the term repository,

25   that is a commercial function that Thomson Reuters

1   performs making copies of documents in some form or

2   fashion and retaining them?

3        A.   Something in the back of my mind tells me that

4   it goes back to the SEC where there may have been a

5   relationship there --

6        Q.   Okay.

7        A.   -- with the SEC at one point in time.

8        Q.   Okay.

9        A.   I don't have the specifics right now.

10       Q.   All right.

11       A.   But eventually they were able to find that

12   information.  Thomson Reuters is a source that is relied

13   upon by experts for financial information, and it's --

14   it's well known --

15       Q.   Okay.

16       A.   -- well, in the financial communities.

17       Q.   And fair enough.  But I just want to make sure.

18   You relied on staff that you employ to actually locate

19   an entity that had the documents that you were seeking

20   and they, in some form or fashion -- a process that

21   you're not familiar with -- determined that these Borax

22   documents listed in paragraph 20 of your report were

23   with -- copies of them were maintained by Thomson

24   Reuters?

25                 MR. HARDIN:   Objection, form.

1    A.    Well, I've reviewed the documents.  I don't see

2    anything in the documents that would indicate that the

3    information that I had received from Thomson Reuters is

4    anything but what was filed with the SEC.

5    Q.    And is there some reason why you don't want to

6    tell me whether you did additional work or not to

7    confirm the accuracy of those being the filings?

8              MR. HARDIN:   Objection, form.

9    A.    I don't under -- I don't even understand your

10   question.

11   Q.    (By Mr. Cloutier) Okay.  My question is, as a

12   forensic accounting -- accountant, did you do any work

13   to confirm that the documents that you received from

14   Thomson Reuters were actually copies of those that were

15   filed with the SEC?

16             MR. HARDIN:   Objection, form.

17   A.    And I think we talked about this earlier.  My

18   assignment was to find the publicly available

19   information for the relevant companies.  I went to

20   trusted and reliable sources.  I obtained those filings

21   and I've reviewed them and -- and reached a -- you know,

22   the opinion or opinions that are expressed here.  I am

23   relying upon the information that I received from

24   Thomson Reuters, and have no reason to believe it is

25   anything other than the correct -- the original filing

1    with the SEC.

2         Q.    (By Mr. Cloutier) And after receiving the

3    documents from Thomson Reuters, did you do anything

4    additional to verify that the document you received as a

5    10-K filing was actually filed with the SEC?

6         A.    I guess that never entered my mind that one

7    wouldn't rely -- Thomson Reuters is a trusted company.

8    They have a reputation to withhold -- to uphold, and

9    those are the filings that they had for the parties, and

10   I think it's reasonable to -- to rely upon them.  So

11   additional information to verify that that is exactly

12   what was filed with the SEC, that was -- it was 50 years

13   ago.  We've talked about there are people available to

14   talk to.  But given the reputation of Thomson Reuters

15   and their reliance in the financial industry upon

16   information, I have no reason to believe those are not

17   the SEC filings.

18        Q.    And I'm not attempting to challenge your

19   beliefs, Mr. Blacker.  I just want to know, did you do

20   anything else after getting them from Thomson Reuters to

21   see if those were the documents that were filed with the

22   SEC.

23             MR. HARDIN:  Objection, form.

24        A.    And the best I can do answer that is I believe

25   those -- those -- I don't have any information that say

```
1    STATE OF TEXAS      *

2    COUNTY OF DALLAS    *

3         This is to certify that I, Deborah Marks, Certified

4    Shorthand Reporter, in and for the State of Texas,

5    certify that the foregoing oral deposition of BRUCE L.

6    BLACKER, CPA, CFF, reported stenographically by me at

7    the time and place indicated, said witness having been

8    placed under oath by me, and that the oral deposition is

9    a true record of the testimony given by the witness.

10        I further certify that I am neither counsel for nor

11   related to any party in the case and am not financially

12   interested in its outcome.

13        Given under my hand on this the ___8th___ day of

14   _____March_____, 2019.

15

16

17        _____
          Deborah Marks, Texas CSR 6453
18        Expiration date: 04/30/2021
          HIPAA Certified
19
          Firm Registration No. 563
20        Republic Services, Inc.
          4202 Sherwood Lane
21        Houston, Texas 77092
          713.957.0094
22

23

24

25
```

1                    CHANGES AND SIGNATURE

2    WITNESS:   BRUCE L. BLACKER, CPA, CFF   January 22, 2019

3    PAGE         LINE        CHANGE        REASON

4    _____

5    _____

6    _____

7    _____

8    _____

9    _____

10   _____

11   _____

12   _____

13   _____

14   _____

15   _____

16   _____

17   _____

18   _____

19   _____

20   _____

21   _____

22   _____

23   _____

24   _____

25   _____

1      I, BRUCE L. BLACKER, CPA, CFF, having read the

2  foregoing deposition transcript and hereby affix my

3  signature that same is true and correct, except as noted

4  above.

5

6

7

8                                    _____

                                     BRUCE L. BLACKER, CPA, CFF
9

10

11  THE STATE OF _____ )

12  COUNTY OF _____ )

13

14      Before me, _____,
    personally appeared BRUCE L. BLACKER, CPA, CFF, known to
15  me (or proved to me under oath or through_____)
    (description of identity card or other document) to be
16  the person whose name is subscribed to the foregoing
    instrument and acknowledged to me that they executed the
17  same for the purposes and consideration therein
    expressed.

18

19      Given under my hand and seal of office
    this _____ day of _____ 2019.

20

21

22

23

24      _____
        NOTARY PUBLIC IN AND FOR
        THE STATE OF _____
25

Errata for Deposition of Bruce L. Blacker Taken on January 22, 2019

| Page | Line | Change | Reason |
|------|------|--------|--------|
| 12 | 3-6 | Change "Yeah. So I'm looking at Exhibit 2 which is a listing of my trial and arbitration testimony and my deposition testimony. As a forensic accountant or as an expert witness in cases." to "So I'm looking at Exhibit 2 which is a listing of my trial and arbitration testimony and my deposition testimony. as a forensic accountant or as an expert witness in cases." | Clarification. |
| 35 | 5-6 | Change "Financial Advisory Standards Board (sic)" to "Financial Accounting Standards Board" | Typographical Error |
| 55 | 9 | Change "pertaining to our potash properties in New Mexico" to "pertaining to the potash properties in New Mexico" | Typographical Error |
| 56 | 3 | Change "listed on the financials statement." to "listed on the financial statement." | Clarification |
| 58 | 17 | Change "That the information be consistent" to "It's still required that the information be consistent" | Clarification |
| 68 | 7 | Change "The net value was 2.5" to "The net value in 1967 was 2.5" | Clarification |
| 68 | 9 | Change "the less amount" to "the amount" | Clarification |
| 72 | 25 | Change "51 percent." to "51 percent sure." | Clarification |
| 90 | 12 | Change "goes through 127" to "goes through 27" | Correction |
| 91 | 13 | Changed "Don't disagree with that." to "I don't disagree with that." | Clarification |
| 93 | 11 | Change "accounting information" to "auditing programs" | Clarification |
| 94 | 18-19 | Change "do not change" to "do not change for different accountants." | Clarification |
| 98 | 23 | Change "would assist them" to "would review them" | Clarification |
| 111 | 4 | Changed "dispute" to "disputed" | Clarification |
| 118 | 12 | Change "And so they go through" to "And so the auditors go through" | Clarification |

I, BRUCE L. BLACKER, CPA, CFF, having read the foregoing deposition transcript and hereby affix my signature that same is true and correct, except as noted above.

_Bruce L. Blacker_
BRUCE L. BLACKER, CPA, CFF

THE STATE OF Texas  )
COUNTY OF Dallas     )
Before me, Stephanie McDermott, personally appeared BRUCE L. BLACKER, CPA, CFF, known to me (or proved to me under oath or through Texas Driver's License) (description of identity card or other document) to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that they executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office this 7th day of March 2019.

STEPHANIE MCDERMOTT
Notary ID #10142856
My Commission Expires
August 8, 2022

NOTARY PUBLIC IN AND FOR
THE STATE OF Texas



Exhibit No. 7

TDY -vs- BTA

Disputed Acreage

0   3,000   6,000   9,000
Feet

Disputed Acreage

with

Satellite Image

**EXHIBIT**
**84**

FTI

PLATT S PARKS

Texas Registered Engineering   Firm No F - 16381

Source: Esri, DigitalGlobe, GeoEye, Earthstar Geographics, CNES/Airbus DS, USDA, USGS, AeroGRID, IGN, and the GIS User Community

Path: P:\1770\1770_00_TDY_Eddy_Co\MAPS\02_LetterL.mxd
Date Saved: 2018-11-14 10:06:12 AM